# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

| | |
|---|---|
| FEDERATION INTERNATIONALE DE MOTOCYCLISME ) ) *Petitioner*, ) ) ) v. ) ) FELD ENTERTAINMENT, INC. ) FELD MOTOR SPORTS, INC. ) ) *Respondents*. | Civil Action No. 8:25-cv-02855 |

## PETITION TO CONFIRM, RECOGNIZE AND ENFORCE A FOREIGN ARBITRAL AWARD

Petitioner Fédération Internationale de Motocyclisme ("FIM") by and through its attorneys, states as follows.

22253317.1

# INTRODUCTION

1. FIM petitions the Court to recognize and enforce a foreign final, binding arbitral award issued in Lausanne, Switzerland on April 6, 2023, by the arbitral tribunal duly constituted under the Court of Arbitration for Sport ("CAS") in the matter captioned CAS 2022/O/8974, *Fédération Internationale de Motocyclisme v. Feld Entertainment, Inc. and Feld Motor Sports* ("Award"),[1] pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, codifying the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("New York Convention"). The arbitral tribunal resolved, in the Award, a dispute arising from, and submitted to arbitration pursuant to, an agreement between FIM and Respondents Feld Entertainment, Inc. and Feld Motor Sports, Inc. (together, "Feld" or "Respondents") regarding certain rights to supercross motorcycling events in the United States. After extensive briefing and a hearing on the merits, FIM prevailed in the arbitration. The arbitral tribunal found that Respondents had breached the agreement by continuing to use certain denominations regarding motorsports events after termination of the Agreement. The Award therefore enjoins Respondents from using any denominations comprising "FIM", "World", "World Title", "World Champion", "World Championship", "Champion of the World" and/or "Championship of the World" (collectively, the "World Denominations") in

---

[1] Exhibit A.

respect of supercross events, titles or status organized in the United States after June 30, 2021, in any form and on any support. FIM seeks an order recognizing and enforcing the Award and entry of judgment in conformity with its terms, including injunctive relief.

## PARTIES

2.  Petitioner FIM is a Swiss association headquartered in Mies, Switzerland. FIM is the international governing body for motorcycling sports recognized by the International Olympic Committee and the umbrella association of six continental unions and 123 national motorcycling federations worldwide, including the American Motorcyclist Association.

3.  Respondent Feld Entertainment, Inc. is a Delaware corporation with its principal place of business in Palmetto, Florida. Feld Entertainment, Inc produces live touring shows and motorsports entertainment. Respondent Feld Motor Sports, Inc. is a wholly owned subsidiary of Feld Entertainment, Inc. It is incorporated in Delaware and its principal place of business is in Palmetto, Florida. Feld Motor Sports, Inc. operates and promotes motorsports events in the United States.

**JURISDICTION AND VENUE**

4.　　This Court has subject-matter jurisdiction under 9 U.S.C. § 203 because this action falls under the New York Convention. The Award arises from a commercial agreement and was made in the territory of a signatory to the Convention (Switzerland), pursuant to a written agreement to arbitrate, as set out below.

5.　　The Court has personal jurisdiction over both Respondents because they are Delaware corporations with principal places of business in this District (Palmetto, Florida), and they transacted substantial business in this District giving rise to the dispute. Venue is proper in the Middle District of Florida under 9 U.S.C. § 204 because Respondents are found and reside in this District. Venue is also proper under 28 U.S.C. § 1391(b) for the same reasons.

**WRITTEN AGREEMENT TO ARBITRATE THE DISPUTE**

6.　　The Award was rendered pursuant to the parties' agreement to arbitrate contained in the February 16, 2001, agreement between FIM and Dorna Off Road S.L. ("Agreement")[2] in accordance with Article II of the New York Convention and 9 U.S.C. § 202. The Agreement provided, at article 14, for the application of Swiss law and required that "[a]ny dispute arising from or related to the present contract will be submitted exclusively to the Court of Arbitration for Sport in Lausanne, Switzerland and resolved definitively in accordance with the Code of

---

[2] Exhibit B.

4

Sports related Arbitration," by a panel of three arbitrators with English as the language of the arbitration.[3] Dorna Off Road S.L.'s rights and obligations under the Agreement were later assigned to Live Nation Motor Sports, Inc.[4] Live Nation Motor Sports, Inc subsequently became Feld Motor Sports, Inc., after its acquisition by Feld Entertainment, Inc., as reflected in the certificate of conversion.[5] Respondent Feld Motor Sports, Inc. has never disputed that it is a party to the Agreement, including the arbitration clause in article 14. As confirmed by the arbitral tribunal in the Award, "there is no dispute that there is a valid arbitration clause in the present case" and "Respondents stepped into [Dorna Off Road S.L.'s] shoes when they assumed the Agreement by virtue of [Feld Entertainment, Inc.'s] acquisition of Live Nation in 2008."[6]

7.    The arbitral tribunal found that non-signatory Feld Entertainment, Inc. "is also a party to the arbitration clause under Swiss law by virtue of its involvement in the performance of the Agreement. [Feld Entertainment, Inc.] was aware of the arbitration clause and manifestly and voluntarily involved itself not only in the technical and administrative support of [Feld Motor Sports, Inc.]'s services under the Agreement but also in the promotion and marketing of the Supercross

---

[3] Exhibit B, at 12.

[4] Exhibit C.

[5] Exhibit D.

[6] Exhibit A, at 18, 53.

World Championship. Given [Feld Entertainment, Inc.]'s significant involvement in several key aspects of the Agreement's performance, for Claimant, the roles of [Feld Motor Sports, Inc.] and [Feld Entertainment, Inc.] were "indistinguishable" and Claimant was in good faith entitled to infer that [Feld Entertainment, Inc.] was bound, alongside [Feld Motor Sports, Inc.], by the arbitration clause. In these circumstances, CAS jurisdiction over [Feld Entertainment, Inc.] must be affirmed."[7] The arbitral tribunal exercised jurisdiction based on article 14 of the Agreement to arbitrate and issued its final, binding Award after full proceedings in accordance with CAS rules. Feld has declined to challenge the Award in Swiss court (including its decision on jurisdiction)[8] and has let the statute of limitations for doing so elapse.

---

[7] Exhibit A, at 19.

[8] Exhibit E.

## DISPUTE, ARBITRATION AND AWARD

8. In 2001, FIM entered into the Agreement with Dorna Off Road S.L., a promoter, to market and promote certain FIM world championships. Dorna Off Road S.L. later assigned its rights to Live Nation Motor Sports Inc. and Feld Entertainment, Inc. acquired, in 2008, the promoter entity, which was renamed Feld Motor Sports, Inc. Feld thereby assumed the promotion and organization of the FIM Supercross World Championship event in the United States, which was then branded the "Monster Energy AMA Supercross, a FIM World Championship," co- sanctioned by FIM and the American Motorcycling Association.

9. The Agreement provided for the rights to promote the FIM World Championship events to revert to FIM upon expiration, and it expired on June 30, 2021. After expiration, FIM offered to extend the term of the Agreement through the 2022 season, but Feld declined indicating that it will revert back to a domestic series.

10. Feld, however, continued to make unauthorized use of FIM's World Denominations to promote its domestic events that were not sanctioned by FIM. FIM sent Feld cease- and- desist letters to put an end to this misuse.

11. At first, Feld acknowledged FIM's concerns, claimed its ongoing use of "World Championship" nomenclature was inadvertent, and agreed to correct the

7

issue. In February 2022, however, Feld abruptly reversed course, responding that it was entitled to call its events a "World Championship."

12. Feld's refusal to comply with its contractual obligations forced FIM to initiate arbitration against Respondents at the CAS in Lausanne, Switzerland in accordance with article 14 of the Agreement, on June 23, 2022. FIM asserted claims under Swiss law for breach of contract and unfair competition. In accordance with CAS rules, the parties each nominated an arbitrator, and the CAS Court Office appointed the president of the panel. Between June and December 2022, the parties filed extensive written submissions on provisional measures, jurisdiction and merits of the dispute.[9]

13. The CAS arbitral tribunal held a hearing on the merits on January 25, 2023. As recorded in the Award, at "the close of the hearing, all parties confirmed that they had no objections to the way the proceedings had been conducted and agreed that the parties had been treated equally and that their rights to be heard had been respected."[10]

14. On April 6, 2023, the arbitral tribunal issued the Award. The arbitral tribunal determined that CAS has jurisdiction over the dispute pursuant to a broad arbitration clause requiring the submission to arbitration of all disputes

---

[9] Exhibit A, at 13.

[10] Exhibit A, at 14.

arising out of or related to the Agreement, including the issue of Respondents' obligations after the expiration of the Agreement. Furthermore, the arbitral tribunal found, that, under Swiss law, the arbitration agreement extends to Feld Entertainment, Inc. given its direct and indistinguishable involvement in the performance of the Agreement. The arbitral tribunal also found that the arbitration clause survived the expiration of the underlying Agreement.

15. On the merits, The arbitral tribunal determined, by applying Swiss law to construe the terms of the Agreement (as required under article 14 of the Agreement), that Respondents are obligated, following expiration of the Agreement, to cease and refrain from using, in connection with supercross events organized in the United States, any denominations comprising "FIM," "World," "World Title," "World Champion," "World Championship," "Champion of the World," and "Championship of the World," in any form or support, including gaming and video. Accordingly, the arbitral tribunal issued an injunction against such use. The arbitral tribunal dismissed FIM's claim for breach of the Swiss Unfair Competition Act, allocated arbitration costs equally, and directed each side to bear its own legal fees.

## GROUNDS FOR CONFIRMATION UNDER THE NEW YORK CONVENTION

16. Under 9 U.S.C. § 207 and Article III of the New York Convention, this Court must recognize and enforce the Award unless Respondents establish one of the narrow Article V defenses. None applies.

17. First, the Award was rendered by a duly constituted arbitral tribunal pursuant to a written arbitration agreement and in accordance with Swiss law chosen by the parties.

18. Second, Respondents participated fully in the proceedings, were represented by counsel, and had a full opportunity to present their case.

19. Third, the Award addresses a commercial dispute within the scope of the Convention. The subject matter of the dispute—the parties' contractual and post- contractual obligations concerning the use of specified denominations in connection with motor-sports events—is arbitrable.

20. Fourth, the Award does not require Respondents to perform an act unlawful under U.S. law or contrary to public policy. To the contrary, the Award grants injunctive relief that is tailored to end the breach of the Agreement and well within the powers of U.S. courts to order when recognizing and enforcing foreign awards.

21. Fifth, there is no basis to question the Award's finality or validity at the seat. The Award has not been vacated, set aside, or suspended by the courts of Switzerland and the time for such challenges has elapsed.

22. Accordingly, this Court should recognize and enforce the Award under the mandatory provisions of the FAA and the New York Convention.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court issue an Order:

a) Confirming, recognizing and enforcing the Court of Arbitration for Sport Arbitral Award dated April 6, 2023, in CAS 2022/O/8974, attached as Exhibit A.

b) Entering judgment in favor of Petitioner and against Respondents, jointly and severally, in the form of injunctive relief consistent with the Award, specifically:

> Ordering Respondents to cease and/or refrain from using any denominations comprising "FIM" and/or "World" and/or "World Title" and/or "World Champion" and/or "World Championship" and/or "Champion of the World" and/or "Championship of the World" with respect to supercross events, titles, or status organized in the United States after June 30, 2021, in any form and on any support, including but not limited to gaming and video.

c) Ordering Respondents to pay the costs of this proceeding; and

d) Granting such other and further relief as the Court deems just and proper to effectuate the Award.

DATED: October 20, 2025

By: */s/ Catherine F. Agacinski*          */s/ Alfonso Garcia Chan*

**SILVER & AGACINSKI, PA**　　　　**CAHILL GORDON & REINDEL LLP**
Catherine F. Agacinski　　　　　　　Alfonso Garcia Chan
1325 W. Cass St.　　　　　　　　　　Raphael Chabaneix
Tampa, FL 33606　　　　　　　　　　900 16th Street N.W.
Telephone: (813) 259-9863　　　　　Suite 500
cathy@silveragacinski.com　　　　　Washington, D.C., 20006
service@silveragacinski.com　　　　Telephone: (202) 862-8900
 Designated Lead Counsel　　　　　 achan@cahill.com
　　　　　　　　　　　　　　　　　rchabaneix@cahill.com
　　　　　　　　　　　　　　　　　(pro hac vice pending)

*Attorneys for Petitioner Fédération Internationale de Motocyclisme*