# EXHIBIT N



**BGPartner**
Rechtsanwälte
Bern – Zürich

<u>**By registered mail**</u>

Court of Arbitration for Sport (CAS)
Ms. Sophie Roud, Counsel to the CAS
Palais de Beaulieu
Avenue des Bergières 10
1004 Lausanne

procedures@tas-cas.org

**Re: CAS 2022/O/8974**
**Fédération Internationale de Motocyclisme (FIM) v. Feld Entertainment & Feld Motor Sports**

## Response to the Statement of Claim

in the matter of

**Fédération Internationale de Motocyclisme**, Route de Suisse 11, 1295 Mies, Switzerland

represented by Matthias Scherer, Thomas Widmer and Laura Azaria, Attorneys-at-law, LALIVE SA, Rue de la Mairie 35, 1207 Genève, Switzerland

- <u>Claimant</u> / <u>FIM</u> -

versus

**Feld Entertainment, Inc.**, 8607 Westwood Center Drive, Vienna, VA 22003, United States of America

represented by Michael Bader, Oliver Gnehm and/or Juliane Hogrefe, Attorneys-at-law, BGPartner AG, Laenggassstrasse 10, 3001 Berne, Switzerland

- <u>**Respondent 1**</u> / <u>**FEI**</u> -

Rechtsanwälte:

Michael Bader
Rechtsanwalt

Oliver Gnehm
Rechtsanwalt
MSc (LSE)

Elena Mégevand
Rechtsanwältin

Stefan Kunz
Rechtsanwalt

Olivier Bula
Rechtsanwalt

Juliane Hogrefe
Rechtsanwältin

Fabiola Anthamatten
Rechtsanwältin

Thomas Gysin
Rechtsanwalt

Victoria Marty
Rechtsanwältin

Barbora Hasler-Castell
Rechtsanwältin

Nathalie A. Loretan
Rechtsanwältin

Maja Rasovic
Rechtsanwältin

Tanja Aebersold
Rechtsanwältin

*Of Counsel:*

Kathrin Straub
Rechtsanwältin
Mediatorin

Dr. Alain P. Röthlisberger
Rechtsanwalt
LL.M. (LSE), MBA

www.bgpartner.ch

Member of

LAWORLD
International legal network
www.lawworld.com

LegalDesk.ch
Swiss legal network
www.legaldesk.ch

Michael Bader
Attorney-at-law / Senior Partner
bader@bgpartner.ch
Registered with the Attorneys' Registry of the Canton of Berne

BGPartner AG
Laenggassstrasse 10
CH – 3001 Bern
Telephone +41 31 329 55 55

CHE-290.240.499 MWST
UBS Switzerland AG
CH68 0026 12 61 11 53 1801 L



and

**Feld Motor Sports, Inc.**, 8607 Westwood Center Drive, Vienna, VA 22003, United States of America

represented by Michael Bader, Oliver Gnehm and/or Juliane Hogrefe, Attorneys-at-law, BGPartner AG, Laenggassstrasse 10, 3001 Berne, Switzerland

- **<u>Respondent 2</u>** / **<u>FMS</u>** -

- together the **<u>Respondents</u>** -

before the constituted Panel:

Ms. Jennifer Kirby (President), Attorney-at-law in Paris, France
Mr. Alexander McLin, Attorney-at-law in Lausanne, Switzerland
Mr. Michele A. R. Bernasconi, Attorney-at-law in Zurich, Switzerland

regarding

**Claimant's Statement of Claim, dated October 21, 2022**

Berne, December 2, 2022   –   mb / fw / ta



# VI.   Legal Issues
# (ad 3 LAW AND DISCUSSION, ad paras. 87 – 172 SoC)

### 1.      Preliminary remark
### (ad 3.1 THE CAS HAS JURISDICTION OVER RESPONDENTS,
### ad para. 87 SoC)

Ad para. 87

141    Contested. Respondents demonstrate hereinafter that the present dispute is not cov-
ered by the arbitration clause of the Agreement (Opponent Exhibit C-2, clause 14)
(see section VI.2); pursuant to the express language of the Agreement, Respondents
have no obligation to arbitrate claims after the termination of the Agreement (clause
10.4); and that FEI was never party of the arbitration clause of the Agreement (see
section VI.3).

**Evid.:**  Opponent Exhibit C-2: Agreement originally entered into by
the FIM and DOR on 16 February, 2001



## 2.    Lack of competence of CAS
### (ad 3.1.1 The Dispute is Covered by the Arbitration Clause, ad paras. 88 – 96 SoC)

Ad paras. 88 – 89

142    Contested. In accordance with Article 186 (1) of the Federal Act on Private International Law ("PILA"), the CAS has the power to decide upon its own jurisdiction. This principle is a mandatory rule of the Swiss lex arbitri.

143    Pursuant to Article R27 (1) of the CAS Code, the CAS may affirm its jurisdiction provided there is a valid arbitration agreement referring the sports-related dispute to the CAS. The decisive factor is therefore the existence of a **valid arbitration clause** for the relevant proceedings (cf. NOTH / HAAS: Arbitration in Switzerland – The Practitioner's Guide, Second edition, Volume II, 2018, Chapter 15, Art. R27 CAS Code N 9, at Exhibit RL-2). The applicability of a valid arbitration clause extends only to the disputes concerning the contract and the settlement of the termination of the contract (cf. CHRISTIAN OETIKER: in: Markus Müller-Chen / Corinne Widmer Lüchinger (ed.), Zürcher Kommentar zum IPRG – Band II, Third edition, 2018, Art. 178 N 178 [hereinafter: ZK IPRG-Author], at Exhibit RL-3).

**Evid.:**  NOTH / HAAS: Arbitration in Switzerland - The Practitioner's Guide, Second edition, Volume II, 2018, Chapter 15, Art. R27 CAS Code N 9    **Exhibit RL-2**

CHRISTIAN OETIKER: in: Markus Müller-Chen / Corinne Widmer Lüchinger (ed.), Zürcher Kommentar zum IPRG – Band II, Third edition, 2018, Art. 178 N 178    **Exhibit RL-3**

144    Because the arbitration clause only applies to disputes concerning the Agreement, it is invalid for the present dispute, which arises from events occurring after the termi-

**BGPartner**
Rechtsanwälte

nation of the Agreement as to FMS Supercross. Regarding the "SuperMotocross" activities, they are unrelated to FIM or the Agreement, and further arise after the Agreement terminated.

145    In the present case, the dispute is whether Claimant has an exclusive right to use what is referred to in trademark law as "highly descriptive, if not generic denominations such as "World Championship(s)", "Championship(s) of the World", "Champion(s) of the World", "World Title(s)", "World", "Grand Prix" and / or "GP" as opposed to the specific term "FIM World Championship" in respect **of Supercross, Motocross or any other disciplines related to the motorcycling sports events, titles or status organized in the United States of America**. In this context, Claimant additionally requests from FEI and FMS to transfer to it all ownership rights over the trademarks, domain names and names they registered in relation with the "Supercross World Championship", including but not limited to the "www.FIMsupercross.com", "www.WorldSupercross.com", "www.supercrossgrandprix.com" and "www.supercrossgp.com" domain names. In principle, all requests of Claimant refer to the above-mentioned denominations.

146    Whether such claims are covered or not by an arbitration agreement has to be determined by interpretation. For this reason, it must be examined whether an arbitration clause is applicable to the present case.

## 2.1    Agreement

147    Respondents contested the jurisdiction of the CAS due to the lack of the applicability of the arbitration clause to the present dispute due to the following reasons:

148    It is undisputed in the case at hand that the Agreement between Claimant and Respondent 2 expired in June 2021. Contrary to Claimant's view, Respondents are not acting as though the Agreement remains in effect (SoC, paras. 122 and 172, (iv.)). Claimant does not present any evidence for this allegation. According to clause 10.4