# EXHIBIT P



**BGPartner**
Rechtsanwälte
Bern – Zürich

**Registered Letter**

Court of Arbitration for Sport (CAS)
Ms. Sophie Roud, Counsel to the CAS
Palais de Beaulieu
Avenue des Bergières 10
1004 Lausanne

procedures@tas-cas.org

LALIVE SA
Rue de la Mairie 35
1207 Genève

mscherer@lalive.law
twidmer@lalive.law
lazaria@lalive.law

Berne, September 2, 2022

**CAS 2022/O/8974**

**Fédération Internationale de Motocyclisme (FIM) v. Feld Entertainment (FEI) & Feld Motor Sports (FMS)**

**Comments on letter from CAS dated August 24, 2022**

Dear Ms. Roud

We refer to the letter from CAS dated August 24, 2022, and your request that we submit any comments and replies by September 2, 2022.

On behalf of our clients, we comment on the individual procedural issues as follows:

Rechtsanwälte:

**Michael Bader**
Rechtsanwalt

**Oliver Gnehm**
Rechtsanwalt
MSc (LSE)

**Elena Mégevand**
Rechtsanwältin

**Stefan Kunz**
Rechtsanwalt

**Olivier Bula**
Rechtsanwalt

**Juliane Hogrefe**
Rechtsanwältin

**Fabiola Anthamatten**
Rechtsanwältin

**Thomas Gysin**
Rechtsanwalt

**Victoria Marty**
Rechtsanwältin

**Barbora Hasler-Castell**
Rechtsanwältin

**Nathalie A. Loretan**
Rechtsanwältin

**Maja Rasovic**
Rechtsanwältin

**Tanja Aebersold**
Rechtsanwältin

*Of Counsel:*

**Kathrin Straub**
Rechtsanwältin
Mediatorin

**Dr. Alain P. Röthlisberger**
Rechtsanwalt
LL.M. (LSE), MBA

www.bgpartner.ch

**Member of**



International legal network
www.laworld.com

LegalDesk.ch
Swiss legal network
www.legaldesk.ch

**Michael Bader**
Attorney-at-law / Senior Partner
bader@bgpartner.ch
Registered with the Attorneys' Registry of the Canton of Berne

**BGPartner AG**
Laenggassstrasse 10
CH – 3001 Bern
Telephone +41 31 329 55 55

CHE-290.240.499 VAT
UBS AG
CH68 0026 1261 11 53 1801 L



1. **Jurisdiction as a Preliminary Issue**

In its August 24, 2022 letter, the CAS requested comments from the Fédération Internationale de Motocyclisme ("**FIM**" or "**Claimant**") on whether jurisdictional issues should be addressed along with the merits of the case or beforehand. For the reasons explained below, Respondents believe that the CAS should address jurisdiction prior to any merits hearing. We have previously put forth many arguments on Respondents' behalf that the CAS lacks jurisdiction to hear FIM's claims, and we will not repeat those arguments at length here. We do, however, respectfully submit that the CAS's suggestion to reserve the issue of jurisdiction until the hearing on the merits would prejudice Respondents and render these proceedings less efficient than if the CAS rules on its jurisdiction prior to the merits hearing. Thus, Respondents object to any requirement that they litigate FIM's claims at a merits hearing before the CAS's jurisdiction has been established.

Simultaneously addressing jurisdiction and the merits for the purpose of issuing a single final award presumes that if Respondents prevail on either their jurisdictional arguments or their merits arguments, the same remedy – a final award in Respondents' favor – would be adequate. But jurisdiction is more than simply the power to render a final decision; it is also the power to compel both Respondents to litigate this dispute before the CAS in the first instance, subject to the CAS's rules and Swiss law. The latter is irrefutably something that Feld Entertainment, Inc. ("**FEI**" or "**Respondent 1**") never contracted for and never agreed to do. If this Panel proceeds to the merits of this case without first determining its jurisdiction, it will have exercised de facto jurisdiction over both Respondents, requiring Respondents to incur the expense and burden of litigation and to comply with any interim orders issued by the CAS along the way. If the CAS ultimately determines it lacks jurisdiction – and thus that it had no power over Respondents (or one of the Respondents) in the first place – that decision will be nugatory (though ultimately costly to Respondents) if it comes at the end of this proceeding. The CAS ought to set forth expressly the basis for, and any conditions or limitations to, its exercise of jurisdiction over each Respondent before the parties undergo the burden to litigate and prepare for the merits hearing. Any other approach would moot the issue of lack of jurisdiction by requiring a full defense to be mounted in this forum before determining whether the forum itself is appropriate.

There are important reasons why the jurisdictional issues must be addressed prior to a merits hearing:



- First, FEI has never been party to any contract with FIM, let alone any agreement to arbitrate disputes with FIM before the CAS. There is no plausible basis that would justify the CAS to take the extraordinary and unlawful step of asserting jurisdiction over an entity such as FEI that has not agreed to arbitrate disputes before it. FEI should not be forced to bear the burden and expense of continued arbitration proceedings before obtaining a decision on its straightforward defense to the CAS's jurisdiction.

- Second, the primary issue put forth by FIM in its complaint – that Respondents are prohibited from using highly descriptive, if not generic terms such as "World" and "World Championship" in connection with supercross events in the U.S., and that, on the contrary, FIM has the exclusive right to use these terms – is entirely a matter of domestic U.S. law. Although FIM contends that this claim does arise out of its contract with Respondent Feld Motor Sports, Inc. ("**FMS**" or "**Respondent 2**"), we have shown why that contention is incorrect – not least because the parties' contract has expired.

- Thus, as this claim plainly does not arise out of any contract between the parties and is nothing more than a dispute over whether or not FIM can prevent FMS from using certain highly descriptive, if not generic terms in the U.S. market, it can properly be decided only by the United States Patent and Trademark Board ("**USPTO**") and / or a U.S. Federal Court. FIM itself submitted those claims to the USPTO for review when it filed applications in February 2022 – four months prior to initiating this arbitration with the CAS and eight months after termination of the Agreement between Claimant and FMS – to register its purported trademarks containing those highly descriptive, if not generic terms. The USPTO process that FIM initiated is ongoing, and any ruling by CAS as to the merits of FIM's claims risks potential interference with the USPTO's primary jurisdiction over the applications that FIM itself has submitted. If the Panel concludes it does not possess jurisdiction to rule on those U.S. trademark claims, such ruling would significantly narrow or eliminate the issues in dispute.

- Third, should the CAS, contrary to expectations, confirm its jurisdiction in the present dispute, Respondents will be forced to consider and assert possible claims for damages (counterclaims) against the Claimant. The assertion of possible claims for damages by Respondents will cause a significant amount of effort and, in particular,



- will also make the proceedings more complex. For reasons of efficiency, it is therefore elementary to first decide on jurisdiction through a preliminary decision (partial award).

- Finally, the award of the CAS on its jurisdiction may be challenged by the parties before the Swiss Federal Supreme Court pursuant to Art. 190(2)(b) Swiss Federal Act on Private International Law ("**PILA**"). The outcome of these proceedings is obviously of fundamental importance to the parties. Since the challenge to an arbitration award is limited under Art. 190 PILA, the parties should have the opportunity to have jurisdiction reviewed by the appellate court before a decision is made on the merits.

**In conclusion, Respondents request that the CAS address the jurisdictional issues prior to additional written submissions and a hearing, as that decision will determine whether written submissions and a hearing is necessary and, if so, which parties must participate and what claims will be at issue.**

**2.    Written Submissions**

According to Art. R44.1(1) CAS Code the parties may, in the statement of claim and in the response, raise claims not contained in the request for arbitration and in the answer to the request. It is therefore unclear whether and to what extent Claimant will raise new claims in its submission. For this reason, it is essential for Respondents to have a second round (a Statement of Reply and a Statement of Rejoinder).

If any claims for damages (counterclaims) are asserted by Respondents, there will be a further exchange of written submissions in any case pursuant to Art. R44.1(4) CAS Code.

Regarding the timetable, according to the Swiss Civil Procedure practice (cf. Art. 209(3) Swiss Civil Procedure Code ["**CPC**"]), a time limit of 3 months for the filing of each written submission is realistic. The party that has Christmas and New Year in its deadline must also receive two weeks extra to ensure a fair procedure (cf. Art. 145(1)(c) CPC).



3. **Document disclosure**

Only the Claimant is asked by the CAS to comment on the request for disclosure. At this point, there are no further comments by Respondents on this issue.

4. **Witnesses**

We take note of the CAS's reminder that the parties shall list in their written submissions the name(s) of any witnesses. In case of additional written submissions, we will list our witnesses accordingly, including a brief summary of their expected testimony and / or the respective written statements.

5. **Hearing**

Obviously, the present case is of fundamental importance to the Respondents. Therefore, in order to ensure all party rights and a fair procedure, a hearing should be held in the present proceedings.

Respondents would prefer to hold a **hearing in person**. In particular, the parties should attend and be heard in person before the CAS.

As the Respondents are based in the USA and the CAS is based in Lausanne (Switzerland), it will not be possible to hear all witnesses of the Respondents in person. Thus, in order to ensure that witnesses from both parties are heard equally, witnesses should be heard by video if they cannot attend the hearing in person before the CAS.

6. **Housekeeping**

We take note of the housekeeping point flagged by the CAS. For avoidance of confusion, we will change the exhibits numbers in the Answer to the Request for Arbitration and submit a



new version (new file name: *220817 Answer Request for Arbitration_adjusted exhibits numbers*).

In addition, we will submit a new full set of exhibits including a consolidated list of Respondents' factual exhibits and legal authorities with the letter at hand.

We thank you for your consideration.

Yours sincerely,

Michael Bader  
Attorney-at-law

Juliane Hogrefe  
Attorney-at-law