# EXHIBIT Q

# Code de l'arbitrage en matière de sport

entré en vigueur le 22 novembre 1994

# Code of sports-related arbitration

in force as from November 22, 1994

December/Décembre 1995

## Statutes of the Bodies Working for the Settlement of Sports-related Disputes

## Statut des organes concourant au règlement des litiges en matière de sport

## A     Joint Dispositions

**Article**

**S1**

In order to settle, through arbitration, sports-related disputes, two bodies are hereby created:

- **the International Council of Arbitration for Sport (ICAS) and**
- **the Court of Arbitration for Sport (CAS).**

The disputes referred to in the preceding paragraph include, in particular, those connected with doping. The disputes to which a federation, association or other sports body is party are a matter for arbitration in the sense of this Code, only insofar as the statutes or regulations of the said sports bodies or a specific agreement so provide.

The seat of the ICAS and the CAS is established in Lausanne, Switzerland.

**S2**

The task of the ICAS is to facilitate the settlement of sports-related disputes through arbitration and to safeguard the independence of the CAS and the rights of the parties. To this end, it looks after the administration and financing of the CAS.

**S3**

The CAS, which has a list of arbitrators, procures the arbitral resolution of disputes arising within the field of sport through the intermediary of arbitration provided by Panels composed of one or three arbitrators.

It comprises an Ordinary Arbitration Division and an Appeals Arbitration Division.

## A     Dispositions communes

**Article**

**S1**

Afin d'assurer le règlement des litiges en matière de sport par la voie de l'arbitrage, il est créé deux organes:

- **le Conseil International de l'Arbitrage en matière de Sport (CIAS) et**
- **le Tribunal Arbitral du Sport (TAS).**

Les litiges visés à l'alinéa précédent comprennent notamment les différends relatifs au dopage. Les litiges auxquels une fédération, association ou autre organisme sportif est partie ne relèvent de l'arbitrage au sens du présent Code que dans la mesure où les statuts ou règlements desdits organismes sportifs ou une convention particulière le prévoient.

Le siège du CIAS et du TAS est fixé à Lausanne, Suisse.

**S2**

Le CIAS a pour mission de favoriser le règlement des litiges en matière de sport par la voie de l'arbitrage et de sauvegarder l'indépendance du TAS et les droits des parties. A cet effet, il assure l'administration et le financement du TAS.

**S3**

Le TAS, qui dispose d'une liste d'arbitres, procure, par la voie de l'arbitrage assuré par des Formations composées d'un ou de trois arbitres, la solution des litiges survenant dans le domaine du sport.

Il comprend une Chambre d'arbitrage ordinaire et une Chambre arbitrale d'appel.

| | |
|---|---|
| **B** | **The International Council of Arbitration for Sport (ICAS)** |

## 1 Composition

S4 The ICAS is composed of twenty members, namely high-level jurists appointed in the following manner:

a. four members are appointed by the International Sports Federations (IFs), viz. three by the Summer Olympic IFs (ASOIF), one by the Winter Olympic IFs (AIWF), chosen from within or from outside their membership;
b. four members are appointed by the Association of the National Olympic Committees (ANOC), chosen from within or from outside its membership;
c. four members are appointed by the International Olympic Committee (IOC), chosen from within or from outside its membership;
d. four members are appointed by the twelve members of the ICAS listed above, after appropriate consultation with a view to safeguarding the interests of the athletes;
e. four members are appointed by the sixteen members of the ICAS listed above and chosen from among personalities independent of the bodies designating the other members of the ICAS.

S5 The members of the ICAS are appointed for a renewable period of four years.

Upon their appointment, the members of the ICAS sign a declaration undertaking to exercise their function in a personal capacity, with total objectivity and independence, in conformity with this Code.

| | |
|---|---|
| **B** | **Le Conseil International de l'Arbitrage en matière de Sport (CIAS)** |

## 1 Composition

S4 Le CIAS est composé de vingt membres juristes de haut niveau désignés de la manière suivante:

a. quatre membres sont désignés par les Fédérations Internationales (F.I.), à savoir trois par les F.I. Olympiques d'été (ASOIF) et un par les F.I. Olympiques d'hiver (AIWF), choisis en leur sein ou en dehors;
b. quatre membres sont désignés par l'Association des Comités Nationaux Olympiques (A.C.N.O.), choisis en son sein ou en dehors ;
c. quatre membres sont désignés par le Comité International Olympique (C.I.O.), choisis en son sein ou en dehors ;
d. quatre membres sont désignés par les douze membres du CIAS figurant ci-dessus, après des consultations appropriées, en vue de sauvegarder les intérêts des athlètes;
e. quatre membres sont désignés par les seize membres du CIAS figurant ci-dessus et choisis parmi des personnalités indépendantes des organismes désignant les autres membres du CIAS.

S5 Les membres du CIAS sont désignés pour une période renouvelable de quatre ans.

Lors de leur désignation, les membres du CIAS signent une déclaration selon laquelle ils exerceront leur fonction à titre personnel, en toute objectivité et

They are, in particular, bound by the confidentiality obligation which is provided in Article R43.

The members of the ICAS may not appear on the list of arbitrators of the CAS nor act as counsel to one of the parties in proceedings before the CAS.

If a member of the ICAS resigns, dies or is prevented from carrying out his functions for any other reason, he is replaced, for the remaining period of his mandate, in conformity with the terms applicable to his appointment.

| 2 | Attributions |
|---|---|

S6    The ICAS exercises the following functions:

1. It adopts and amends this Code.
2. It elects from among its members for a renewable period of four years:
   - the President proposed by the IOC,
   - two Vice-Presidents (one proposed by the IFs and one by the NOCs), responsible for deputizing for the President if necessary, by order of seniority in age,
   - the President of the Ordinary Arbitration Division and the President of the Appeals Arbitration Division of the CAS,
   - the deputies of the two Division Presidents.
3. It appoints the personalities who are to constitute the list of arbitrators of the CAS (Article S3).

indépendance, et en conformité avec les dispositions du présent Code. Ils sont, en particulier, tenus à l'obligation de confidentialité prévue à l'article R43.

Les membres du CIAS ne peuvent figurer sur la liste des arbitres du TAS, ni agir comme conseil d'une des parties dans une procédure devant le TAS.

Si un membre du CIAS démissionne, décède ou est empêché d'assurer ses fonctions pour toute autre cause, il est remplacé, pour la période restante de son mandat, selon les modalités applicables à sa désignation.

| 2 | Attributions |
|---|---|

S6    Le CIAS exerce les fonctions suivantes:

1. Il adopte et modifie le présent Code.
2. Il élit en son sein, pour une période renouvelable de quatre ans:
   - le Président sur proposition du C.I.O.,
   - deux Vice-Présidents (un sur proposition des F.I. et l'autre sur proposition des C.N.O.), chargés de suppléer le Président le cas échéant, selon l'ordre de leur âge,
   - le Président de la Chambre d'arbitrage ordinaire et le Président de la Chambre arbitrale d'appel du TAS,
   - les suppléants des deux Présidents de chambre.
3. Il désigne les personnalités devant constituer la liste d'arbitres du TAS (article S3).

4. It exercises those functions concerning the challenge and removal of arbitrators, and any other functions which the Procedural Rules confer upon it.
5. It looks after the financing of the CAS. To this end, inter alia:
5.1 it receives and manages, in conformity with the financial regulations of the CAS, the funds allocated to its operations;
5.2 it approves the CAS budget prepared by the Court Office of the CAS;
5.3 it approves the annual accounts of the CAS established by the Court Office of the CAS.
6. It appoints the Secretary General of the CAS.
7. It supervises the activities of the Court Office of the CAS.
8. If it deems such action appropriate, it sets up regional or local, permanent or ad hoc arbitration structures.
9. If it deems such action appropriate, it creates a legal aid fund to facilitate access to CAS arbitration and determines the terms of implementation.
10. It may take any other action which it deems likely to protect the rights of the parties and, in particular, to best guarantee the total independence of the arbitrators and to promote the settlement of sports-related disputes through arbitration.

---

**S7**

The ICAS exercises its functions either itself, or through the intermediary of its Board, made up of the President and two Vice-Presidents of the ICAS, the President of the Ordinary Arbitration Division and the President of the Appeals Arbitration Division of the CAS.

8

4. Il exerce les fonctions en matière de récusation et de révocation des arbitres ainsi que les autres fonctions que lui confère le Règlement de procédure.
5. Il assure le financement du TAS. A cet effet, en particulier:
5.1 il reçoit et gère, conformément au Règlement financier du TAS, les fonds affectés à son fonctionnement;
5.2 il approuve le budget du TAS préparé par le Greffe du TAS;
5.3 il approuve les comptes annuels du TAS établis par le Greffe du TAS.
6. Il nomme le Secrétaire général du TAS.
7. Il exerce la haute surveillance sur les activités du Greffe du TAS.
8. Il met en oeuvre, s'il le juge opportun, des structures d'arbitrage régionales ou locales, permanentes ou ad hoc.
9. Il crée, s'il le juge opportun, un fonds d'assistance pour faciliter l'accès à l'arbitrage du TAS et en fixe les modalités de mise en oeuvre.
10. Il peut prendre toutes autres mesures qu'il juge propres à assurer la protection des droits des parties et, en particulier, à garantir au mieux l'entière indépendance des arbitres et à favoriser le règlement des litiges relatifs au sport par la voie de l'arbitrage.

---

**S7**

Le CIAS exerce ses fonctions soit lui-même, soit par l'intermédiaire de son Bureau, lequel est constitué du Président et des deux Vice-Présidents du CIAS, du Président de la Chambre d'arbitrage ordinaire et du Président de la Chambre arbitrale d'appel du TAS.

9

The ICAS may not delegate to the Board the functions listed under Article S6, paragraphs 1, 2, 3, 5.2 and 5.3.

| | 3 | Operation |
|---|---|---|

S8    The ICAS meets whenever the activity of the CAS so requires, but at least once a year.

The ICAS constitutes a quorum when at least half of its members participate in taking a decision. Decisions are taken during meetings or by correspondence by a simple majority of the voting members, the President having the casting vote in the event of a tie. However, any modification of this Code requires a majority of two-thirds of the members of ICAS. ICAS members may not act by proxy.

The Secretary General of the CAS takes part in the decision-making with a consultative voice, and acts as Secretary to the ICAS.

S9[1]    The President of the ICAS is also President of the CAS. He is also responsible for the ordinary administrative tasks within the remit of the ICAS.

S10[2]    The Board of the ICAS meets at the invitation of the ICAS President.

---

[1] rev. 06.04.95
[2] rev. 06.04.95

Le CIAS ne peut déléguer au Bureau les fonctions énumérées à l'article S6, paragraphes 1, 2, 3, 5.2 et 5.3.

| | 3 | Fonctionnement |
|---|---|---|

S8    Le CIAS se réunit chaque fois que l'activité du TAS le requiert, mais au moins une fois par an.

Le CIAS délibère valablement lorsqu'au moins la moitié des membres participent à la prise de décisions. Les décisions sont prises lors des réunions ou par voie de circulation à la majorité simple des membres votants, la voix du Président étant prépondérante en cas d'égalité. Toute modification du présent Code requiert une majorité des deux tiers des membres du CIAS. Les membres du CIAS ne peuvent se faire représenter.

Le Secrétaire général du TAS participe à la prise de décisions avec voix consultative et fonctionne comme Secrétaire du CIAS.

S9[1]    Le Président du CIAS est également Président du TAS. C'est à lui qu'incombent les tâches administratives courantes relevant du CIAS.

S10[2]    Le Bureau du CIAS se réunit sur convocation du Président du CIAS.

---

[1] rév. 06.04.95
[2] rév. 06.04.95

The CAS Secretary General participates in the decision-making with a consultative voice, and acts as Secretary to the Board.

The Board constitutes a quorum if three of its members participate in taking a decision. Decisions are taken during meetings or by correspondence with a simple majority of those voting; the President has the casting vote in the event of a tie.

**S11**  A member of the ICAS or the Board may be challenged when circumstances allow legitimate doubt to be cast on his independence vis-à-vis one of the parties to an arbitration which must be the subject of a decision by the ICAS or the Board pursuant to Article S6, paragraph 4. He shall spontaneously disqualify himself when the subject of a decision is an arbitration procedure in which appears, as a party, a sports body to which he belongs or in which a member of the law firm to which he belongs is an arbitrator or counsel.

The member disqualified shall not take part in the deliberations concerning the arbitration in question and shall not receive any information on the activities of the ICAS and the Board concerning such arbitration.

Le Secrétaire général du TAS participe à la prise de décisions avec voix consultative et fonctionne comme Secrétaire du Bureau.

Le Bureau délibère valablement si trois de ses membres participent à la prise de décisions. Les décisions sont prises lors des réunions ou par voie de circulation à la majorité simple des votants, la voix du Président étant prépondérante en cas d'égalité.

**S11**  Un membre du CIAS ou du Bureau peut être récusé lorsque les circonstances permettent de douter légitimement de son indépendance à l'égard d'une des parties à un arbitrage qui doit faire l'objet d'une décision du CIAS ou du Bureau en vertu de l'article S6, paragraphe 4. Il doit se récuser spontanément lorsqu'une décision a pour objet un arbitrage dans lequel figure, comme partie, un organisme sportif auquel il appartient ou dans lequel un membre du cabinet d'avocats auquel il appartient est arbitre ou conseil.

Le membre récusé ne participe pas aux délibérations concernant l'arbitrage en question et ne reçoit aucune information au sujet de l'activité du CIAS et du Bureau concernant cet arbitrage.

| C | The Court of Arbitration for Sport (CAS) | | C | Le Tribunal Arbitral du Sport (TAS) |

---

| 1 | Mission | | 1 | Mission |

---

S12

The CAS sets in operation Panels which have the task of providing for the resolution by arbitration of disputes arising within the field of sport in conformity with the Procedural Rules (Articles R27 et seq.).

To this end, the CAS attends to the constitution of Panels and the smooth running of the proceedings. It places at the disposal of the parties the necessary infrastructure.

The responsibility of such Panels is, inter alia:

a. to resolve the disputes that are referred to them through ordinary arbitration;
b. to resolve through the appeals arbitration procedure disputes (including doping-related disputes) concerning the decisions of disciplinary tribunals or similar bodies of federations, associations or other sports bodies, insofar as the statutes or regulations of the said sports bodies or a specific agreement so provide;
c. to give non-binding advisory opinions at the request of the IOC, the IFs, the NOCs, the associations recognized by the IOC and the Olympic Games Organizing Committees (OCOGs).

S12

Le TAS met en oeuvre des Formations qui ont pour mission de procurer la solution arbitrale des litiges survenant dans le domaine du sport conformément au Règlement de procédure (articles R27 et suivants).

A cet effet, le TAS veille à la constitution des Formations et au bon déroulement des procédures. Il met à la disposition des parties l'infrastructure nécessaire.

Les Formations sont notamment chargées:

a. de trancher les litiges qui leur sont soumis par la voie de l'arbitrage ordinaire;
b. de connaître, par la voie de la procédure arbitrale d'appel, des litiges (y compris ceux relatifs au dopage) concernant des décisions de tribunaux disciplinaires ou instances analogues de fédérations, associations ou autres organismes sportifs, dans la mesure où les statuts ou règlements desdits organismes sportifs ou une convention particulière le prévoient;
c. de donner des avis non contraignants à la demande du C.I.O., des F.I., des C.N.O., des associations reconnues par le C.I.O.. et des Comités d'Organisation des Jeux Olympiques (C.O.J.O.).

| 2 | Arbitrators |
|---|---|

**S13[1]**

The personalities designated by the ICAS, in conformity with Article S6, paragraph 3, appear on the list of arbitrators for a renewable period of four years.

There are one hundred and fifty of these arbitrators.

**S14[2]**

In establishing the list of CAS arbitrators, the ICAS shall call upon personalities with a legal training and who possess recognized competence with regard to sport and respect, in principle, the following distribution:

- thirty arbitrators from among the persons proposed by the IOC, chosen from within its membership or from outside;
- thirty arbitrators from among the persons proposed by the IFs, chosen from within their membership or outside;
- thirty arbitrators from among the persons proposed by the NOCs, chosen from within their membership or outside;
- thirty arbitrators chosen after appropriate consultations with a view to safeguarding the interests of the athletes;
- thirty arbitrators chosen from among persons independent of the bodies responsible for proposing arbitrators in conformity with the present article.

If necessary, the ICAS shall complete the list.

[1] rev. 06.04.95
[2] rev. 06.04.95

| 2 | Arbitres |
|---|---|

**S13[1]**

Les personnalités désignées par le CIAS, conformément à l'article S6, paragraphe 3, figurent sur la liste d'arbitres pendant une période renouvelable de quatre ans.

Ces arbitres sont au nombre de cent cinquante.

**S14[2]**

En constituant la liste d'arbitres du TAS, le CIAS devra faire appel à des personnalités ayant une formation juridique et une compétence reconnue en matière de sport et respecter, en principe, la répartition suivante:

- trente arbitres parmi les personnes proposées par le C.I.O., choisies en son sein ou en dehors;
- trente arbitres parmi les personnes proposées par les F.I., choisies en leur sein ou en dehors;
- trente arbitres parmi les personnes proposées par les C.N.O., choisies en leur sein ou en dehors;
- trente arbitres choisis, après des consultations appropriées, en vue de sauvegarder les intérêts des athlètes;
- trente arbitres choisis parmi des personnes indépendantes des organismes chargés de proposer des arbitres conformément au présent article.

Au besoin, le CIAS complète la liste.

[1] rév. 06.04.95
[2] rév. 06.04.95

**S15**

The proposals for designating such arbitrators that shall constitute the list referred to in Article S14, shall be notified to the ICAS within the time limit which the latter shall establish.

The list of CAS arbitrators and all modifications to such list are published.

**S16**

In appointing the personalities who appear on the list of arbitrators, the ICAS shall, wherever possible, ensure fair representation of the different continents.

**S17**

Subject to the provisions of the Procedural Rules (Articles R27 et seq.), if a CAS arbitrator resigns, dies or is prevented from carrying out his functions for any other reason, he may be replaced, for the remaining period of his mandate, in conformity with the terms applicable to his appointment.

**S18**

The personalities who appear on the list of arbitrators may be called upon to serve on Panels constituted by either one of the CAS Divisions.

Upon their appointment, the CAS arbitrators sign a declaration undertaking to exercise their functions personally with total objectivity and independence, and in conformity with the provisions of this Code.

**S19**

CAS arbitrators are bound by the duty of confidentiality, which is provided in Article R43.

18

**S15**

Les propositions en vue de la désignation d'arbitres devant constituer la liste prévue à l'article S14, sont notifiées au CIAS dans le délai fixé par celui-ci.

La liste des arbitres du TAS et toutes modifications de celle-ci sont publiées.

**S16**

Lors de la désignation des personnalités figurant sur la liste d'arbitres, le CIAS veille, autant que possible, à une représentation équitable des continents.

**S17**

Sous réserve des dispositions du Règlement de procédure (articles R27 et suivants), si un arbitre du TAS démissionne, décède ou est empêché d'assumer ses fonctions pour toute autre cause, il peut être remplacé, pour la période restante de son mandat, selon les modalités applicables à sa désignation.

**S18**

Les personnalités figurant sur la liste d'arbitres peuvent être appelées à fonctionner dans des Formations relevant de l'une ou l'autre des chambres du TAS.

Lors de leur désignation, les arbitres du TAS signent une déclaration selon laquelle ils exerceront leurs fonctions, à titre personnel, en toute objectivité et indépendance, et en conformité avec les dispositions du présent Code.

**S19**

Les arbitres du TAS sont tenus à l'obligation de confidentialité prévue à l'article R43.

19

| 3 | Organization of the CAS |
|---|---|

**S20**  The CAS is composed of two divisions, the Ordinary Arbitration Division and the Appeals Arbitration Division.

    a. **The Ordinary Arbitration Division** constitutes Panels, the mission of which is to resolve disputes submitted to the ordinary procedure, and performs, through the intermediary of its President, all other functions in relation to the smooth running of the proceedings conferred upon it by the Procedural Rules (Articles R27 et seq.).

    b. **The Appeals Arbitration Division** constitutes Panels, the mission of which is to resolve disputes (including doping-related disputes) concerning the decisions of disciplinary tribunals or similar bodies of federations, associations or other sports bodies insofar as the statutes or regulations of the said sports bodies or a specific agreement so provide. It performs, through the intermediary of its President, all other functions in relation to the smooth running of the proceedings conferred upon it by the Procedural Rules (Articles R27 et seq.).

Arbitration proceedings submitted to the CAS are assigned by the Court Office to one of these two Divisions according to their nature. Such assignment may not be contested by the parties or raised by them as a cause of irregularity.

| 3 | Organisation du TAS |
|---|---|

**S20**  Le TAS est composé de deux chambres arbitrales, soit la Chambre d'arbitrage ordinaire et la Chambre arbitrale d'appel.

    a. **La Chambre d'arbitrage ordinaire** met en oeuvre des Formations ayant pour mission de résoudre les litiges soumis à la procédure ordinaire et exerce, par l'intermédiaire de son Président, toutes les autres fonctions relatives au bon déroulement de la procédure que lui confère le Règlement de procédure (articles R27 et suivants).

    b. **La Chambre arbitrale d'appel** met en oeuvre des Formations ayant pour mission de résoudre les litiges (y compris ceux relatifs au dopage) concernant des décisions de tribunaux disciplinaires ou instances analogues de fédérations, associations ou autres organismes sportifs dans la mesure où les statuts ou règlements desdits organismes sportifs ou une convention particulière le prévoient. Elle exerce, par l'intermédiaire de son Président, toutes les autres fonctions relatives au bon déroulement de la procédure que lui confère le Règlement de procédure (articles R27 et suivants).

Les arbitrages soumis au TAS sont attribués par le Greffe à l'une de ces deux chambres en fonction de leur nature, sans que cette attribution puisse être contestée par les parties ou invoquées par elles comme une cause d'irrégularité.

S21 The President of one or other of the two Divisions of the CAS may be challenged if circumstances exist that give rise to legitimate doubts with regard to his independence vis-à-vis one of the parties to an arbitration assigned to his Division. He shall spontaneously disqualify himself when, in arbitration proceedings assigned to his Division, one of the parties is a sports body to which he belongs, or when a member of the law firm to which he belongs is acting as arbitrator or counsel.

When the President of one of the two Divisions is challenged, the functions relating to the smooth running of the proceedings conferred upon him by the Procedural Rules (Articles R27 et seq.), are performed by the President of the CAS and the President of the Division may not receive any information concerning the activities of the CAS regarding the arbitration proceedings which led to the disqualification.

S22 The CAS includes a Court Office composed of a Secretary General and secretaries, who replace the Secretary General when required.

The Court Office performs the functions which are assigned to it by this Code.

S21 Le Président de l'une ou de l'autre des deux chambres du TAS peut être récusé lorsque les circonstances permettent de douter légitimement de son indépendance à l'égard d'une des parties à un arbitrage qui est attribué à sa chambre. Il doit se récuser spontanément lorsqu'est attribué à sa chambre un arbitrage dans lequel figure, comme partie, un organisme sportif auquel il appartient ou dans lequel un membre du cabinet d'avocats auquel il appartient est arbitre ou conseil.

Lorsque le Président d'une des deux chambres est récusé, les fonctions relatives au bon déroulement de la procédure qui lui sont dévolues par le Règlement de procédure (articles R27 et suivants), sont exercées par le Président du TAS et le Président de chambre récusé ne reçoit aucune information concernant l'activité du TAS au sujet de l'arbitrage ayant entraîné la récusation.

S22 Le TAS comprend un Greffe composé d'un Secrétaire général et de secrétaires, qui remplacent le Secrétaire général en cas de besoin.

Le Greffe exerce les fonctions qui lui sont dévolues par le présent Code.

| D | Miscellaneous Provisions | | D | Dispositions diverses |
|---|---|---|---|---|

| S23 | The present Statutes are supplemented by the Procedural Rules adopted by the ICAS. |
|---|---|

| S24 | The English text and the French text are authentic. In the event of any divergence, the French text shall prevail. |
|---|---|

| S25 | The present Statutes may be amended by decision of the ICAS, in conformity with Article S8.[1] |
|---|---|

| S26 | The present Statutes and Procedural Rules come into force through the decision of the twelve members of the ICAS, nominated for the first time by the IOC, the IFs and the NOCs taken by a two-thirds majority. |
|---|---|

| S23 | Le présent Statut est complété par un Règlement de procédure adopté par le CIAS. |
|---|---|

| S24 | Le texte français et le texte anglais font foi. En cas de divergence, le texte français prévaut. |
|---|---|

| S25 | Le présent Statut peut être modifié par décision du CIAS conformément à l'article S8. |
|---|---|

| S26 | Le présent Statut et le Règlement de procédure qui le complète entrent en vigueur par décision des douze membres du CIAS désignés pour la première fois par le C.I.O., les F.I. et les C.N.O., acquise à la majorité des deux tiers. |
|---|---|

Procedural Rules

Règlement de procédure

A     General Provisions

R27     Application of the Rules

These Procedural Rules apply whenever the parties have agreed to refer a sports-related dispute to the CAS. Such disputes may arise out of a contract containing an arbitration clause or be the subject of a later arbitration agreement (ordinary arbitration proceedings) or involve an appeal against a decision given by the disciplinary tribunals or similar bodies of a federation, association or sports body where the statutes or regulations of such bodies, or a specific agreement provides for an appeal to the CAS (appeal arbitration proceedings).

Such disputes may involve matters of principle relating to sport or matters of pecuniary or other interests brought into play in the practice or the development of sport and, generally speaking, any activity related or connected to sport.

These Procedural Rules also apply where the CAS is called upon to give an advisory opinion (consultation proceedings).

R28     Seat

The seat of the CAS and of each Arbitration Panel ("Panel") is in Lausanne, Switzerland. However, should circumstances so warrant, and after consultation with all parties, the President of the Panel or, failing him, the President of the relevant Division may decide to hold a hearing in another place.

A     Dispositions générales

R27     Application du Règlement de procédure

Le présent Règlement de procédure s'applique lorsque les parties sont convenues de soumettre au TAS un litige relatif au sport. Un tel litige peut résulter d'un contrat contenant une clause arbitrale ou faisant l'objet d'une convention d'arbitrage ultérieure (procédure d'arbitrage ordinaire) ou avoir trait à l'appel d'une décision rendue par un tribunal disciplinaire ou une instance analogue d'une fédération, d'une association ou d'un autre organisme sportif lorsque les statuts ou règlements de cet organisme ou une convention particulière prévoient l'appel au TAS (procédure arbitrale d'appel).

Ces litiges peuvent porter sur des questions de principe relatives au sport ou sur des intérêts pécuniaires ou autres mis en jeu à l'occasion de la pratique ou du développement du sport et, d'une façon générale, de toute activité relative au sport.

Le présent Règlement de procédure s'applique également lorsque le TAS est requis d'émettre un avis consultatif (procédure consultative).

R28     Siège

Le siège du TAS et de chaque Formation est fixé à Lausanne, Suisse. Toutefois, si les circonstances le justifient, le Président de la Formation ou, à défaut, le Président de la Chambre concernée, peut décider, après consultation des parties, qu'une audience se tiendra dans un autre lieu.

**R29**     **Language**

The CAS working languages are French and English. In the absence of agreement between the parties, and taking into account all pertinent circumstances, the President of the Panel shall select one of these two languages as the language of the arbitration at the start of the proceedings before the Panel.

The parties may choose another language provided that the Arbitration Panel agrees. The parties shall advise the CAS of such a choice. In the event of such a choice, the Panel may order that the parties bear all or part of the translation and interpreting costs.

**R30**     **Representation and Assistance**

The parties may be represented or assisted by persons of their choice. The names, addresses, telephone and facsimile numbers of the persons representing the parties shall be communicated to the Court Office, the other party and the Panel after its formation.

**R31**     **Notifications and Communications**

All notifications and communications that the CAS or the Panel intend for the parties shall be made through the Court Office. The notifications and communications shall be written in French or in English and sent to the address shown in the arbitration request, statement of appeal or application for an opinion, or to any other address specified at a later date.

**R29**     **Langue**

Les langues de travail du TAS sont le français et l'anglais. A défaut d'accord des parties, le Président de la Formation choisit, au début de la procédure devant la Formation, l'une de ces deux langues comme langue de l'arbitrage, en tenant compte de l'ensemble des circonstances qu'il juge pertinentes.

Sous réserve de l'accord de la Formation, les parties peuvent choisir une autre langue. Elles en informent le TAS. Dans ce cas, la Formation met tout ou partie des frais de traduction et d'interprétation à charge des parties.

**R30**     **Représentation et assistance**

Les parties peuvent se faire représenter ou assister par des personnes de leur choix. Les noms, adresses, numéros de téléphone et de télécopie des personnes représentant les parties sont communiqués au Greffe du TAS, à l'autre partie et à la Formation dès sa constitution.

**R31**     **Notifications et communications**

Le Greffe effectue les notifications et les communications que le TAS ou la Formation destine aux parties. Les notifications et les communications sont rédigées en français ou en anglais et faites à l'adresse figurant dans la requête d'arbitrage, la déclaration d'appel ou la demande d'avis, ou à toute adresse indiquée ultérieurement.

All arbitration awards, orders, and other decisions made by the CAS and the Panel shall be notified by any means permitting proof of receipt.

All communications from the parties intended for the CAS or the Panel, including the arbitration request, statement of appeal, application for an opinion and request for participation of a third party, as well as the reply shall be sent to the CAS in as many copies as there are parties, counsel and arbitrators, together with one additional copy for the CAS itself.

| R32 | Time-limit |
|---|---|

Upon application on justified grounds, either the President of the Panel or, failing him, the President of the relevant Division, may extend the time-limits provided in these Procedural Rules, if the circumstances so warrant.

| R33 | Independence and Qualifications of Arbitrators |
|---|---|

Every arbitrator shall be and remain independent of the parties and shall immediately disclose any circumstances likely to affect independence with respect to any of the parties.

Every arbitrator shall appear on the list drawn up by the ICAS in accordance with the Statutes which are part of this Code and shall have the availability required to expeditiously complete the arbitration.

Les sentences, ordonnances et autres décisions du TAS et de la Formation sont notifiées par un moyen permettant la preuve de la réception.

Les communications émanant des parties, et destinées au TAS ou à la Formation, y compris la requête d'arbitrage, la déclaration d'appel, la demande d'avis, la demande de participation d'un tiers, ainsi que la réponse du défendeur sont adressées au TAS en autant d'exemplaires qu'il y a d'autres parties, de conseils et d'arbitres, plus un exemplaire pour le TAS.

| R32 | Délais |
|---|---|

Sur requête motivée, le Président de la Formation ou, à défaut, le Président de la Chambre concernée, peut prolonger les délais fixés par le présent Règlement de procédure si les circonstances le justifient.

| R33 | Indépendance et qualifications des arbitres |
|---|---|

Tout arbitre doit être et demeurer indépendant des parties et a l'obligation de révéler immédiatement toute circonstance susceptible de compromettre son indépendance à l'égard des parties ou de l'une d'elles.

Tout arbitre doit figurer sur la liste établie par le CIAS en vertu du Statut faisant partie du présent Code et avoir la disponibilité nécessaire pour mener l'arbitrage à son terme dans les meilleurs délais.

R34 **Challenge**

An arbitrator may be challenged if the circumstances give rise to legitimate doubts over his independence. The challenge shall be brought immediately after the ground for the challenge has become known.

Challenges are in the exclusive power of the ICAS which may exercise such power through its Board in accordance with the Statutes which are part of this Code. The challenge shall be brought by way of a petition setting forth the facts giving rise to the challenge. The ICAS or its Board shall rule on the challenge after the other parties, the challenged arbitrator and the other arbitrators have been invited to submit written comments. It shall give brief reasons for its decision.

R35 **Removal**

An arbitrator may be removed by the ICAS if he refuses to or is prevented from carrying out his duties. The ICAS may delegate this function to its Board. The Board shall invite the parties, the arbitrator in question and the other arbitrators to submit written comments and shall render a brief reasoned decision.

R36 **Replacement**

In the event of resignation, death, challenge or removal of an arbitrator, such arbitrator shall be replaced in accordance with the provisions applicable to his appointment. Unless otherwise agreed by the parties or otherwise decided by the Panel, the

R34 **Récusation**

Un arbitre peut être récusé lorsque les circonstances permettent de douter légitimement de son indépendance. La récusation doit être requise sans délai dès la connaissance de la cause de récusation.

La récusation est de la compétence exclusive du CIAS qui peut exercer cette fonction par l'intermédiaire de son Bureau conformément au Statut faisant partie du présent Code. Le CIAS ou son Bureau tranche, sur requête motivée, après avoir invité les autres parties, l'arbitre concerné et les autres arbitres à prendre position par écrit. Il rend une décision sommairement motivée.

R35 **Révocation**

Tout arbitre peut être révoqué par le CIAS s'il refuse ou est empêché d'exercer ses fonctions. Le CIAS peut déléguer cette fonction à son Bureau. Le CIAS invite auparavant les parties, l'arbitre concerné et les autres arbitres à prendre position par écrit et rend une décision sommairement motivée.

R36 **Remplacement**

En cas de démission, décès, révocation ou récusation d'un arbitre, celui-ci est remplacé selon les modalités applicables à sa désignation. Sauf convention contraire des parties ou décision contraire de la

proceedings shall continue without repetition of the procedure which took place prior to the replacement.

R37 **Provisional and Conservatory Measures**

No party may apply for provisional or conservatory measures under these Procedural Rules before the request for arbitration or the statement of appeal, which implies the exhaustion of internal remedies, has been filed with the CAS.

The President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter the Panel may, upon application by one of the parties, make an order for provisional or conservatory measures. In agreeing to submit to these Procedural Rules any dispute subject to appeal arbitration proceedings, the parties expressly waive their rights to request such measures from state authorities. This waiver does not apply to provisional or conservatory measures in connection with disputes subject to ordinary arbitration proceedings.

If an application for provisional measures is filed, the President of the relevant Division or the Panel invites the opponent to express his position within fifteen days or within a shorter time-limit if circumstances so require. The President of the relevant Division or the Panel shall issue an order within a short time. In case of utmost urgency, the President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter the President of the Panel may issue an

Formation, la procédure se poursuit sans répétition des actes de procédure antérieurs au remplacement.

R37 **Mesures provisionnelles et conservatoires**

Aucune partie ne peut requérir des mesures provisionnelles et conservatoires selon le présent Règlement de procédure avant la soumission au TAS de la requête d'arbitrage ou de la déclaration d'appel, laquelle présuppose l'épuisement des voies de droit interne.

Le Président de la Chambre concernée, avant la transmission du dossier à la Formation, puis la Formation peuvent, sur requête d'une des parties, ordonner des mesures provisionnelles ou conservatoires. Par la soumission au présent Règlement de procédure d'un litige relevant de la procédure arbitrale d'appel, les parties renoncent à requérir de telles mesures des autorités étatiques. Cette renonciation ne s'applique pas à des mesures provisionnelles ou conservatoires concernant des litiges relevant de la procédure d'arbitrage ordinaire.

Saisi d'une requête de mesures provisionnelles, le Président de la Chambre concernée ou la Formation invite la partie adverse à se prononcer dans les quinze jours ou dans un délai plus court si les circonstances l'exigent. Le Président de la Chambre concernée ou la Formation rend une ordonnance à bref délai. En cas d'extrême urgence, le Président de la Chambre concernée, avant la transmission du dossier à la Formation, puis le Président de la Formation peuvent

order upon mere presentation of the application, provided that the opponent shall be heard subsequently.

Temporary and conservatory measures may be made conditional upon the provision of security.

rendre une ordonnance sur simple présentation de la requête, sous réserve de la détermination ultérieure de la partie adverse.

Les mesures provisionnelles ou conservatoires peuvent être subordonnées à la fourniture de sûretés.

B     Special Provisions Applicable to the Ordinary Arbitration Proceedings

---

R38     Request for Arbitration

The party intending to submit a reference to arbitration under these Procedural Rules shall file a request with the CAS containing:

- a brief statement of the facts and legal argument, including a statement of the issue to be submitted to the CAS for determination;
- the claimant's request for relief;
- a copy of the contract containing the arbitration agreement or of any document providing for arbitration in accordance with these Procedural Rules;
- any relevant information about the number and choice of the arbitrator(s), in particular if the arbitration agreement provides for three arbitrators, the name and address of the arbitrator chosen by the claimant from the CAS list of names.

Upon filing its request, the claimant shall pay the fee provided in Article R64.1.

---

R39     Initiation of the Arbitration by the CAS and Answer

Unless it is apparent from the outset that there is manifestly no agreement to arbitrate referring to the CAS, the Court Office shall take all appropriate actions to set the arbitration in motion. To this effect, it in particular communicates the request to the respondent, calls upon the parties to express themselves on the law applicable to the merits of the dispute and sets time-limits for the respondent to submit any relevant information about the number and choice of the arbitrator(s), in particular to

40

---

B     Dispositions particulières à la procédure d'arbitrage ordinaire

---

R38     Requête d'arbitrage

La partie qui entend recourir à l'arbitrage du TAS selon le présent Règlement de procédure, soumet au TAS une requête comprenant les éléments suivants:

- une brève description des faits et moyens de droit, y compris une description des questions soumises au TAS en vue d'une solution;
- les prétentions de la partie demanderesse;
- la copie du contrat contenant la convention d'arbitrage ou de toute pièce prévoyant l'arbitrage selon le présent Règlement de procédure;
- toutes les indications utiles concernant le nombre et le choix du ou des arbitres, en particulier si la convention d'arbitrage prévoit trois arbitres les nom et adresse de l'arbitre choisi par le demandeur parmi les personnes figurant sur la liste du TAS.

Lors de la soumission de la requête, la partie demanderesse verse l'émolument prévu à l'article R64.1.

---

R39     Mise en oeuvre de l'arbitrage par le TAS et réponse

Sauf s'il apparaît d'emblée qu'il n'existe manifestement pas de convention d'arbitrage se référant au TAS, le Greffe prend toute disposition utile pour la mise en oeuvre de l'arbitrage. A cet effet, il communique en particulier la demande au défendeur, interpelle le cas échéant les parties sur le choix du droit applicable au fond du litige et fixe au défendeur des délais pour formuler toutes indications utiles concernant le nombre et le choix du ou des

41

appoint an arbitrator from the CAS list, as well as to file an answer to the request for arbitration. The answer shall contain:

- a brief statement of the defence;
- any defence of lack of jurisdiction;
- any counterclaim.

---

**R40**        **Formation of the Panel**

---

**R40.1**        **Number of Arbitrators**

The Panel is composed of one or three arbitrators. If the arbitration agreement does not specify the number of arbitrators, the President of the Division shall determine the number taking into account the amount in litigation and the complexity of the dispute.

---

**R40.2**        **Appointment of the Arbitrators**

The parties may agree on the method of appointment of the arbitrators. In the absence of an agreement, the arbitrators shall be appointed in accordance with the following paragraphs.

If, by virtue of the arbitration agreement or a decision of the President of the Division, a sole arbitrator is to be appointed, the parties may select him by mutual agreement within a time-limit of twenty days set by the Court Office upon receipt of the request. In the absence of an agreement within such time-limit, the President of the Division shall proceed with the appointment.

arbitres, notamment pour désigner un arbitre figurant sur la liste du TAS, ainsi que pour soumettre une réponse à la demande d'arbitrage. La réponse doit comprendre les éléments suivants :

- une brève description des moyens de défense ;
- toute exception d'incompétence;
- toute demande reconventionnelle.

---

**R40**        **Constitution de la Formation**

---

**R40.1**        **Nombre d'arbitres**

La Formation est composée d'un ou trois arbitres. Si la convention d'arbitrage ne précise pas le nombre d'arbitres, le Président de la Chambre en décide en tenant compte du montant litigieux et de la complexité de l'affaire.

---

**R40.2**        **Désignation des arbitres**

Les parties conviennent du mode de désignation des arbitres. A défaut de convention, les arbitres sont désignés selon les alinéas suivants.

Si, en vertu de la convention d'arbitrage ou d'une décision du Président de la Chambre, il y a lieu de désigner un arbitre unique, les parties le désignent d'entente dans un délai de vingt jours fixé par le Greffe après réception de la requête. A défaut d'entente dans ce délai, le Président de la Chambre procède à la désignation.

If, by virtue of the arbitration agreement or of a decision of the President of the Division, three arbitrators are to be appointed, the claimant shall appoint its arbitrator in the request or within the time-limit set in the decision on the number of arbitrators and the respondent shall appoint its arbitrator within the time-limit set by the Court Office upon receipt of the request. In the absence of such appointment, the President of the Division shall proceed with the appointment in lieu of the parties. The two arbitrators so appointed shall select the President of the Panel by mutual agreement within a time-limit set by the Court Office. In the absence of an agreement within such time-limit, the President of the Division shall appoint the President of the Panel in lieu of the two arbitrators.

---

**R40.3**

**Confirmation of the Arbitrators and Transfer of the File**

Any arbitrator selected by the parties or by other arbitrators shall only be deemed appointed after confirmation by the President of the Division. Before proceeding with such confirmation, the latter shall ascertain that the arbitrator fulfils the requirements of Article R33.

Once the Panel is formed, the Court Office takes notice of the formation and transfers the file to the arbitrators.

Si, en vertu de la convention d'arbitrage ou d'une décision du Président de la Chambre concernée, il y a lieu de désigner trois arbitres, la partie demanderesse désigne un arbitre dans la requête ou dans le délai fixé lors de la décision sur le nombre d'arbitres et la partie défenderesse désigne un arbitre dans le délai fixé par le Greffe dès réception de la requête. A défaut de telles désignations, le Président de la Chambre procède à la désignation en lieu et place des parties. Les deux arbitres ainsi désignés choisissent d'entente le Président de la Formation dans un délai fixé par le Greffe. A défaut d'entente dans ce délai, le Président de la Chambre désigne le Président de la Formation en lieu et place des deux arbitres.

---

**R40.3**

**Confirmation des arbitres et transmission du dossier**

Les arbitres désignés par les parties ou par d'autres arbitres ne sont réputés nommés qu'après confirmation par le Président de la Chambre. Avant de procéder à cette confirmation, ce dernier s'assure que l'arbitre répond aux conditions de l'article R33.

Lorsque la Formation est constituée, le Greffe constate la constitution et transmet le dossier aux arbitres.

| R41 | Multiparty Arbitration |
| --- | --- |

| R41.1 | Plurality of Claimants / Respondents |
| --- | --- |

If the request for arbitration names several claimants and/or repondents, the CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of such an agreement, the President of the Division shall decide on the number of arbitrators in accordance with Article R40.1.

If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed and there are several claimants, the claimants shall jointly appoint an arbitrator. If three arbitrators are to be appointed and there are several respondents, the repondents shall jointly appoint an arbitrator. In the absence of such a joint appointment, the President of the Division shall proceed with the appointment in lieu of the claimants/respondents. If (i) three arbitrators are to be appointed, (ii) there are several claimants and several respondents, and (iii) either the claimants or the respondents fail to jointly appoint an arbitrator, then both coarbitrators shall be appointed by the President of the Division in accordance with Article R40.2. In all cases, the coarbitrators shall select the President of the Panel in accordance with Article R40.2.

| R41 | Arbitrage multipartite |
| --- | --- |

| R41.1 | Pluralité de demandeurs / défendeurs |
| --- | --- |

Lorsque la requête d'arbitrage nomme plusieurs demandeurs et/ou défendeurs, le TAS constitue la Formation en fonction du nombre d'arbitres et selon le mode de désignation convenus entre toutes les parties. A défaut d'une telle convention, le Président de la Chambre détermine le nombre d'arbitres selon l'article R40.1.

S'il y a lieu de désigner un arbitre unique, l'article R40.2 s'applique. S'il y a lieu de désigner trois arbitres et qu'il y a plusieurs demandeurs, ceux-ci désignent conjointement un arbitre. S'il y a lieu de désigner trois arbitres et s'il y a plusieurs défendeurs, ceux-ci désignent conjointement un arbitre. A défaut de telles désignations conjointes, le Président de la Chambre procède à la désignation en lieu et place des demandeurs/défendeurs. Si, (i) il y a lieu de désigner trois arbitres, (ii) il y a plusieurs demandeurs et plusieurs défendeurs et, (iii) soit les demandeurs, soit les défendeurs ne désignent pas conjointement un arbitre, les deux coarbitres sont désignés par le Président de la Chambre selon l'article R40.2. Dans tous les cas, les coarbitres choisissent le Président de la Formation selon l'article R40.2

R41.2    **Joinder**

If a respondent intends to cause a third party to participate in the arbitration, it shall so state in its answer, together with the reasons therefore, and file an additional copy of its answer. The Court Office shall communicate this copy to the person the participation of which is requested and set such person a time-limit to state its position on its participation and to submit a response pursuant to Article R39. It shall also set a time-limit for the claimant to express its position on the participation of the third party.

R41.3    **Intervention**

If a third party intends to participate as a party in the arbitration, it shall file with the CAS an application to this effect, together with the reasons therefore within the time-limit set for the respondent's answer to the request for arbitration. To the extent applicable, such application shall have the same contents as a request for arbitration. The Court Office shall communicate a copy of this application to the parties and set a time-limit for them to express their position on the participation of the third party and to file, to the extent applicable, an answer pursuant to Article R39.

R41.4    **Joint Provisions on Joinder and Intervention**

A third party may only participate in the arbitration if it is bound by the arbitration agreement or if itself and the other parties agree in writing.

48

R41.2    **Appel en cause**

Si un défendeur désire faire participer un tiers comme partie à l'arbitrage, il doit l'indiquer dans sa réponse, motifs à l'appui, et soumettre un exemplaire supplémentaire de sa réponse. Le Greffe transmet cet exemplaire à la personne dont la participation est requise et lui fixe un délai pour se déterminer sur sa participation et soumettre une réponse au sens de l'article R39. Il fixe également un délai pour que le demandeur prenne position sur la participation du tiers.

R41.3    **Intervention**

Si un tiers désire participer comme partie à l'arbitrage, il doit soumettre au TAS une demande à cet effet, motifs à l'appui, dans le délai fixé pour la réponse du défendeur. Cette demande contient, dans toute la mesure applicable, les éléments devant figurer dans une requête d'arbitrage. Le Greffe transmet un exemplaire de cette demande aux parties et leur fixe un délai pour se déterminer sur la participation du tiers et pour soumettre, dans la mesure applicable, une réponse au sens de l'article R39.

R41.4    **Dispositions communes à l'appel en cause et à l'intervention**

Un tiers ne peut participer à l'arbitrage que s'il est lié par la convention d'arbitrage ou si lui-même et les autres parties y consentent par écrit.

49

Upon expiration of the time-limit set in Articles R41.2 and R41.3, the President of the Division shall decide on the participation of the third party, taking into account, in particular, the prima facie existence of an arbitration agreement as referred to in Article R39 above. Such decision shall be without prejudice to the decision of the Panel on the same matter.

If the President of the Division accepts the participation of the third party, the CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of such an agreement, the President of the Division shall decide on the number of arbitrators in accordance with Article R40.1. If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed, the coarbitrators shall be appointed by the President of the Division and shall choose the President of the Panel in accordance with Article R40.2.

Regardless of the decision of the Panel on the participation of the third party, the formation of the Panel cannot be challenged. In the event that the Panel accepts the participation, it shall, if required, issue related procedural directions.

## R42            Conciliation

The President of the Division, before the transfer of the file to the Panel, and thereafter the Panel may at any time seek to resolve the dispute by conciliation. Any settlement may be embodied in an arbitral award rendered by consent of the parties.

A l'échéance des délais fixés en vertu des articles R41.2 et R41.3, le Président de la Chambre décide de la participation du tiers, en prenant notamment en considération l'existence prima facie d'une convention d'arbitrage telle que mentionnée à l'article R39. Cette décision ne préjuge pas de la décision de la Formation sur cette même question.

Si le Président de la Chambre admet la participation du tiers, le TAS constitue la Formation en fonction du nombre d'arbitres et selon le mode de désignation convenu entre toutes les parties. A défaut d'une telle convention, le Président de la Chambre détermine le nombre d'arbitres selon l'article R40.1. S'il y a lieu de désigner un arbitre unique, l'article R40.2 s'applique. S'il y a lieu de désigner trois arbitres, les coarbitres sont désignés par le Président de la Chambre et choisissent le Président de la Formation selon l'article R40.2.

Quelle que soit la décision de la Formation sur la participation du tiers, la constitution de la Formation ne peut plus être remise en cause. Si la Formation admet la participation, elle règle, le cas échéant, les modalités procédurales particulières pouvant en résulter.

## R42            Conciliation

Le Président de la Chambre, avant la transmission du dossier à la Formation, puis la Formation peuvent en tout temps tenter de résoudre le litige par la voie de la conciliation. Toute transaction peut faire l'objet d'une sentence arbitrale rendue d'accord entre les parties.

R43          Confidentiality

Proceedings under these Procedural Rules are confidential. The parties, the arbitrators and the CAS undertake not to disclose to any third party any facts or other information relating to the dispute or the proceedings. Awards shall not be made public unless the award itself so provides or all parties agree.

R44          Procedure before the Panel

R44.1        Written Submissions

The procedure before the Panel comprises written submissions, if the Panel deems it appropriate, and an oral hearing. Upon the receipt of the file, the President of the Panel, if appropriate, shall issue directions in connection with the written submissions. As a general rule, there shall be one statement of claim, one response and, if the circumstances so require, one reply and one second response. The parties may, in the statement of claim and in the response, raise claims not contained in the request for arbitration and in the answer to the request. Thereafter, no party may raise any new claim without the consent of the other party.

Together with their written submissions, the parties shall produce all written evidence upon which they intend to rely. After the exchange of the written

R43          Confidentialité

La procédure instituée selon le présent Règlement de procédure est confidentielle. Les parties, les arbitres et le TAS s'engagent à ne pas divulguer à des tiers des faits ou autres informations ayant trait au litige et à la procédure. Les sentences ne sont pas publiées, sauf si la sentence elle-même le prévoit ou si toutes les parties y consentent.

R44          Procédure devant la Formation

R44.1        Instruction écrite

La procédure devant la Formation comprend l'instruction écrite si la Formation l'estime utile et l'instruction orale. Dès réception du dossier, le Président de la Formation fixe, s'il y a lieu, les modalités de la procédure écrite. Celle-ci comprend en principe un mémoire, un contre-mémoire et, si les circonstances l'exigent, une réplique et une duplique. Dans le mémoire et le contre-mémoire, les parties peuvent formuler des demandes non comprises dans la requête ou la réponse. Par la suite, une partie ne peut plus formuler de nouvelles demandes sans l'accord de l'autre partie.

Les parties produisent avec leurs écritures toutes les pièces dont elles entendent se prévaloir. Après les

submissions, the parties shall not be authorized to produce further written evidence, except by mutual agreement or if the Panel so permits on the basis of exceptional circumstances.

In their written submissions, the parties shall specify any witnesses and experts which they intend to call and state any other evidentiary measure which they request.

---

R44.2 **Hearing**

Once the exchange of pleadings is closed, the President of the Panel shall issue directions with respect to the hearing and in particular set the hearing date. As a general rule, there shall be one hearing during which the Panel hears the parties, the witnesses and the expert as well as the parties' final oral arguments, for which the respondent has the floor last.

The President of the Panel shall conduct the hearing and ascertain that the statements made are concise and limited to the subject of the written presentations, to the extent that these presentations are relevant. Except if the parties agree otherwise, the hearings are not public. There shall be minutes of the hearing. Any person heard by the Panel may be assisted by an interpreter at the cost of the party which called such upon.

The parties may call to be heard by the Panel such witnesses and experts which they have specified in their written submissions.

échanges d'écritures, les parties ne sont plus admises à produire des pièces, sauf entente ou si la Formation l'autorise en raison de circonstances exceptionnelles.

Dans leurs écritures, les parties indiquent les témoins et experts qu'elles désirent faire entendre et formulent toute autre offre de preuve.

---

R44.2 **Instruction orale**

Lorsque l'échange d'écritures est clos, le Président de la Formation fixe les modalités de l'instruction orale et en particulier la date de l'audience. L'instruction orale comprend en principe une audience au cours de laquelle la Formation entend les parties, les témoins et les experts ainsi que les plaidoiries finales des parties, la partie défenderesse ayant la parole la dernière.

Le Président de la Formation dirige les débats et veille à ce qu'ils soient concis et limités à l'objet des présentations écrites, dans la mesure où celles-ci sont pertinentes. Les débats ont lieu à huis clos, sauf accord contraire des parties. Ils font l'objet d'un procès-verbal. Toute personne entendue peut se faire assister d'un interprète aux frais de la partie qui la fait entendre.

Les parties peuvent amener et faire entendre les témoins ou experts qu'elles ont désignés dans leurs écritures.

Before hearing any witness, expert or interpreter, the Panel shall solemnly invite such persons to tell the truth, subject to the sanctions of perjury.

Once the hearing is closed, the parties shall not be authorized to produce further written pleadings, except if the Panel so orders.

R44.3        **Evidentiary Proceedings Ordered by the Panel**

A party may request the Panel to issue an order that the other party produces documents in its custody or under its control. The party seeking such production shall demonstrate that the documents are likely to exist and to be relevant.

If it deems it appropriate to supplement the presentations of the parties, the Panel may at any time order the production of additional documents or the examination of witnesses, appoint and hear experts, and proceed with any other procedural act.

The Panel shall consult the parties with respect to the appointment and terms of reference of such expert. The expert appointed by the Panel shall be and remain independent of the parties and shall immediately disclose any circumstances likely to affect independence with respect to any of the parties.

Avant d'entendre un témoin, expert ou interprète, la Formation invite solennellement cette personne à dire la vérité, sous menace de sanction pour faux témoignage.

Après l'instruction orale, les parties ne sont plus admises à produire des écritures, sauf si la Formation l'ordonne.

R44.3        **Actes d'instruction ordonnés par la Formation**

Chaque partie peut demander à la Formation d'ordonner que l'autre partie produise des pièces en sa possession ou sous son contrôle. La partie demandant la production doit rendre vraisemblable l'existence et la pertinence de ces pièces.

La Formation peut en tout temps, si elle l'estime utile pour compléter les présentations des parties, requérir la production de pièces supplémentaires, ordonner l'audition de témoins, commettre et entendre des experts ou procéder à tout autre acte d'instruction.

La Formation consulte les parties sur le choix et la mission de l'expert. L'expert commis par la Formation doit être et demeurer indépendant des parties et a l'obligation de révéler immédiatement toute circonstance susceptible de compromettre son indépendance à l'égard des parties ou de l'une d'elles.

| R44.4 | Expedited Procedure |
|---|---|

With the consent of the parties, the Panel may proceed in an expedited manner for which it shall issue appropriate directions.

| R45 | Law Applicable to the Merits |
|---|---|

The Panel shall decide the dispute according to the rules of law chosen by the parties or, in the absence of such a choice, according to Swiss law. The parties may authorize the Panel to decide ex aequo et bono.

| R46 | Award |
|---|---|

The award shall be made by a majority decision, or, in the absence of a majority, by the President alone. The award shall be written, dated and signed. Unless the parties agree otherwise, it shall briefly state reasons. The signature of the President of the Panel shall suffice.

The award shall be final and binding upon the parties. It may not be challenged by way of an action for setting aside to the extent that the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in an agreement entered into subsequently, in particular at the outset of the arbitration.

| R44.4 | Procédure accélérée |
|---|---|

Avec l'accord des parties, la Formation peut recourir à une procédure accélérée, dont elle fixe les modalités.

| R45 | Droit applicable au fond |
|---|---|

La Formation statue selon les règles de droit choisies par les parties ou, à défaut de choix, selon le droit suisse. Les parties peuvent autoriser la Formation à statuer en équité.

| R46 | Sentence |
|---|---|

La sentence est rendue à la majorité ou, à défaut de majorité, par le Président de la Formation seul. La sentence est écrite, sommairement motivée, sauf si les parties en conviennent autrement, datée et signée. La signature du Président de la Formation suffit.

La sentence est définitive et exécutoire. Elle n'est susceptible d'aucun recours dans la mesure où les parties n'ont ni domicile, ni résidence habituelle, ni établissement en Suisse et ont expressément renoncé au recours dans la convention d'arbitrage ou dans un accord conclu ultérieurement, notamment en début de procédure.

C    Special Provisions Applicable to the Appeal Arbitration Proceedings

---

R47    Appeal

A party may appeal from the decision of a disciplinary tribunal or similar body of a federation, association or sports body, insofar as the statutes or regulations of the said body so provide or as the parties have concluded a specific arbitration agreement and insofar as the appellant has exhausted the legal remedies available to him prior to the appeal, in accordance with the statutes or regulations of the said sports body.

---

R48    Statement of Appeal

The appellant shall submit to the CAS a statement of appeal containing:

• a copy of the decision appealed from;
• the appellant's request for relief;
• the appointment of the arbitrator chosen by the appellant from the CAS list, unless the parties have agreed to a Panel composed of a sole arbitrator;
• if applicable, an application to stay the execution of the decision appealed from, together with reasons;
• a copy of the provisions of the statutes or regulations or the specific agreement providing for appeal to the CAS.

Upon filing the statement, the appellant shall pay the fee provided for under Article R65.2.

---

C    Dispositions particulières à la procédure arbitrale d'appel

---

R47    Appel

Une partie peut appeler de la décision d'un tribunal disciplinaire ou d'une instance analogue d'une fédération, association ou autre organisme sportif, si les statuts ou règlements dudit organisme sportif le prévoient ou si les parties ont conclu une convention d'arbitrage particulière et dans la mesure aussi où l'appelant a épuisé les voies de droit préalables à l'appel dont il dispose en vertu des statuts ou règlements dudit organisme sportif.

---

R48    Déclaration d'appel

L'appelant soumet au TAS une déclaration d'appel comprenant les éléments suivants :

• une copie de la décision attaquée ;
• les prétentions de l'appelant ;
• la désignation de l'arbitre choisi par l'appelant sur la liste d'arbitres du TAS, sauf si les parties sont convenues de recourir à un arbitre unique;
• le cas échéant, une requête d'effet suspensif motivée;
• une copie des dispositions statutaires ou réglementaires ou de la convention particulière prévoyant l'appel au TAS.

Lors de la soumission de la requête, l'appelant verse l'émolument prévu à l'article R65.2.

R49    **Time-limit for Appeal**

In the absence of a time-limit set in the statutes or regulations of the federation, association, sports body concerned, or of a previous agreement, the time-limit for appeal shall be twenty-one days from the communication of the decision which is appealed from.

R50    **Number of Arbitrators**

The appeal shall be submitted to a Panel of three arbitrators, except if the appellant establishes at the time of the statement of appeal that the parties have agreed to a Panel composed of a sole arbitrator or if the President of the Division considers that the matter is an emergency and the appeal should be submitted to a sole arbitrator.

R51    **Appeal Brief**

Within ten days following the expiration of the time-limit for the appeal, the appellant shall file with the CAS a brief stating the facts and legal arguments giving rise to the appeal, together with all exhibits and specification of other evidence upon which he intends to rely, failing which the appeal shall be deemed withdrawn.

R49    **Délai d'appel**

En l'absence de délai d'appel fixé par les statuts ou règlements de la fédération, de l'association ou de l'organisme sportif concerné ou par la convention particulière préalablement conclue, le délai d'appel est de vingt et un jours dès la communication de la décision faisant l'objet de l'appel.

R50    **Nombre d'arbitres**

L'appel est soumis à une Formation de trois arbitres, sauf si l'appelant établit lors de la déclaration d'appel que les parties sont convenues de recourir à un arbitre unique ou si le Président de la Chambre estime que l'appel revêt un caractère d'urgence et doit être soumis à un arbitre unique.

R51    **Motivation de l'appel**

Dans les dix jours suivant l'expiration du délai d'appel, l'appelant soumet au TAS un mémoire contenant une description des faits et des moyens de droit fondant l'appel, accompagné de toutes les pièces et offres de preuves qu'il entend invoquer, à défaut de quoi l'appel est réputé retiré.

R52    **Initiation of the Arbitration by the CAS**

Unless it is apparent from the outset that there is manifestly no agreement to arbitrate referring to the CAS, the CAS shall take all appropriate actions to set the arbitration in motion. To this effect, the Court Office shall, in particular, communicate the statement of appeal to the respondent, and the President of the Division shall proceed with the formation of the Panel in accordance with Articles R53 and R54. If applicable, he shall also decide promptly on an application for a stay.

R53    **Appointment of Arbitrator by Respondent**

Unless the parties have agreed to a Panel composed of a sole arbitrator or the President of the Division considers that the appeal is an emergency and must be submitted to a sole arbitrator, the respondent shall appoint an arbitrator within ten days after the receipt of the statement of appeal. In the absence of an appointment within such time-limit, the President of the Division shall proceed with the appointment in lieu of the respondent.

R54    **Appointment of the Sole Arbitrator or of the President and Confirmation of the Arbitrators by the CAS**

If, by virtue of the parties' agreement or of a decision of the President of a Division, a sole arbitrator is to be appointed, the President of the Division shall appoint the sole arbitrator upon receipt of the motion for appeal.

64

R52    **Mise en oeuvre de l'arbitrage par le TAS**

Sauf s'il apparaît d'emblée qu'il n'existe manifestement pas de convention d'arbitrage se référant au TAS, le TAS prend toute disposition utile pour la mise en oeuvre de l'arbitrage. À cet effet, le Greffe communique en particulier la déclaration d'appel à l'intimé et le Président de la Chambre procède à la constitution de la Formation selon les articles R53 et R54. Le cas échéant, il statue également à bref délai sur l'effet suspensif.

R53    **Nomination d'arbitre par l'intimé**

Sauf si les parties sont convenues de recourir à un arbitre unique ou si le Président de la Chambre estime que l'appel revêt un caractère d'urgence doit être soumis à un arbitre unique, l'intimé désigne un arbitre dans les dix jours suivant la réception de la déclaration d'appel. A défaut de désignation dans ce délai, le Président de la Chambre procède à la désignation en lieu et place de l'intimé.

R54    **Nomination de l'arbitre unique ou du Président et confirmation des arbitres par le TAS**

Si les parties sont convenues de recourir à un arbitre unique ou si le Président de la Chambre estime que l'appel doit être soumis à un arbitre unique, le Président de la Chambre désigne l'arbitre unique dès réception de la déclaration d'appel.

65

If three arbitrators are to be appointed, the President of the Division shall appoint the President of the Panel upon appointment of the arbitrator by the respondent. The arbitrators selected by the parties shall only be deemed appointed after confirmation by the President of the Division. Before proceedings with such confirmation, the President of the Division shall ascertain that the arbitrators fulfil the requirements of Article R33.

Once the Panel is formed, the Court Office takes notice of the formation of the Panel and transfers the file to the arbitrators.

## R55    Answer of Respondent

Within twenty days from the receipt of the grounds for the appeal, the respondent shall submit to the CAS an answer containing:

- a statement of defence;
- any defence of lack of jurisdiction ;
- any exhibits or specification of other evidence upon which the respondent intends to rely.

## R56    Statement of Appeal and Answer Complete

Unless the parties agree otherwise or the President of the Panel orders otherwise on the basis of exceptional circumstances, the parties shall not be authorized to supplement their argumentation, nor to produce new exhibits, nor to specify further evidence on which they intend to rely after the submission of the grounds for the appeal and of the answer.

S'il y a lieu de recourir à trois arbitres, le Président de la Chambre désigne le Président de la Formation dès la désignation de l'arbitre de l'intimé. Les arbitres désignés par les parties ne sont réputés nommés qu'après confirmation par le Président de la Chambre. Avant de procéder à cette confirmation, le Président de la Chambre s'assure que les arbitres répondent aux conditions de l'article R33.

Lorsque la Formation est constituée, le Greffe constate la constitution de la Formation et transmet le dossier aux arbitres.

## R55    Réponse de l'intimé

Dans les vingt jours suivant la réception de la motivation de l'appel, l'intimé soumet au TAS une réponse comprenant les éléments suivants:

- une description des moyens de défense ;
- toute exception d'incompétence ;
- toutes les pièces et offres de preuves que l'intimé entend invoquer.

## R56    Caractère complet de la motivation d'appel et de la réponse

Sauf accord contraire des parties ou décision contraire du Président de la Formation commandée par des circonstances exceptionnelles, les parties ne sont pas admises à compléter leur argumentation, ni à produire de nouvelles pièces, ni à formuler de nouvelles offres de preuves après la soumission de la motivation d'appel et de la réponse.

**R57**

**Scope of Panel's Review, Hearing**

The Panel shall have full power to review the facts and the law. Upon transfer of the file, the President of the Panel shall issue directions in connection with the hearing for the examination of the parties, the witnesses and the experts, as well as for the oral arguments. He may also request communication of the file of the disciplinary tribunal or similar body, the decision of which is subject to appeal. Articles R44.2 and R44.3 shall apply.

**R58**

**Law Applicable**

The Panel shall decide the dispute according to the applicable regulations and the rules of law chosen by the parties or, in the absence of such a choice, according to the law of the country in which the federation, association or sports body is domiciled.

**R59**

**Award**

The award shall be rendered by a majority decision, or in the absence of a majority, by the President alone. It shall be written, dated and signed. The award shall state brief reasons. The signature of the President shall suffice.

The Panel may decide to communicate the holding of the award to the parties, prior to the reasons. The award shall be final from such written communication.

**R57**

**Pouvoir d'examen, instruction orale**

La Formation revoit les faits et le droit avec plein pouvoir d'examen. Dès transmission du dossier, le Président de la Formation fixe les modalités de l'audience pour l'audition des parties, des témoins et des experts ainsi que pour les plaidoiries. Il peut demander la communication du dossier du tribunal disciplinaire ou de l'instance analogue ayant rendu la décision dont est appel. Les articles R44.2 et R44.3 s'appliquent.

**R58**

**Droit applicable**

La Formation statue selon les règlements applicables et selon les règles de droit choisies par les parties, ou à défaut de choix, selon le droit du pays dans lequel la fédération, association ou autre organisme sportif a son domicile.

**R59**

**Sentence**

La sentence est rendue à la majorité ou, à défaut de majorité, par le Président seul. Elle est écrite, sommairement motivée, datée et signée. La signature du Président de Formation suffit.

La Formation peut décider de communiquer aux parties le dispositif de la sentence avant la motivation. La sentence est exécutoire dès communication écrite du dispositif.

The award shall be final and binding upon the parties. It may not be challenged by way of an action for setting aside to the extent that the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in an agreement entered into subsequently, in particular at the outset of the arbitration.

The holding of the award shall be communicated to the parties within four months after the filing of the statement of appeal. Such time-limit may be extended by the President of the Appeals Arbitration Division upon a motivated request from the President of the Panel.

The award or a summary setting forth the results of the proceedings shall be made public by the CAS, unless both parties agree that they should remain confidential.

La sentence tranche définitivement le litige. Elle n'est susceptible d'aucun recours dans la mesure où les parties n'ont ni domicile, ni résidence habituelle, ni établissement en Suisse et ont expressément renoncé au recours dans la convention d'arbitrage ou dans un accord écrit conclu ultérieurement, notamment en début de procédure.

Le dispositif de la sentence doit être communiqué aux parties dans les quatre mois suivant le dépôt de la déclaration d'appel. Ce délai peut être prolongé par le Président de la Chambre arbitrale d'appel sur demande motivée du Président de la Formation.

La sentence ou un résumé faisant état de l'issue de la procédure est publié par le TAS, sauf si les parties conviennent que l'arbitrage doit rester confidentiel.

D    Special Provisions Applicable to the Consultation Proceedings

---

R60    Request for Opinion

The IOC, the IFs, the NOCs, the associations recognized by the IOC, the OCOGs, may request an advisory opinion from the CAS about any legal issue with respect to the practice or development of sports or any activity related to sports. The request for an opinion shall be addressed to the CAS and accompanied by any document likely to assist the Panel entrusted with giving the opinion.

---

R61    Initiation by the CAS

When a request is filed, the CAS President shall review whether it may be the subject of an opinion. In the affirmative, he shall proceed with the formation of a Panel of one or three arbitrators from the CAS list and designate the President. He shall formulate, in his own discretion, the questions submitted to the Panel and forward these questions to the Panel.

---

R62    Opinion

Before rendering its opinion, the Panel may request additional information. The opinion may be published with the consent of the party which requested it. It does not constitute a binding arbitral award.

---

D    Dispositions particulières à la procédure consultative

---

R60    Demande d'avis

Le C.I.O., les F.I., les C.N.O., les associations reconnues par le C.I.O., les C.O.J.O., peuvent demander un avis consultatif au TAS sur toute question juridique concernant la pratique ou le développement du sport ou toute activité relative au sport. La demande d'avis est adressée au TAS et accompagnée de tout document de nature à éclairer la Formation appelée à rendre l'avis.

---

R61    Mise en oeuvre par le TAS

Lorsque le TAS est saisi d'une demande, le Président du TAS examine dans quelle mesure elle peut faire l'objet d'un avis. Le cas échéant, il procède à la constitution d'une Formation de un à trois arbitres du TAS et en désigne le Président. Il formule, selon sa propre appréciation, les questions soumises à la Formation et les transmet à cette dernière.

---

R62    Avis

Avant de rendre son avis, la Formation peut requérir un complément d'information. L'avis peut être publié avec l'accord du demandeur d'avis. Il ne constitue pas une sentence arbitrale et n'a pas de valeur contraignante.

E        Interpretation

R63    A party may apply to the CAS for the interpretation of an award issued in an ordinary or appeals arbitration, whenever the holding of the award is unclear, incomplete, ambiguous or whenever its components are contradictory among themselves or contrary to the reasons, or whenever it contains clerical mistakes or a miscalculation of figures.

When an application for interpretation is filed, the President of the relevant Division shall review whether there is ground for interpretation. If there is ground, he shall submit the request to the Panel which has rendered the award for interpretation. The arbitrators of the Panel who are unable to act shall be replaced in accordance with Article R36. The Panel shall rule on the request within one month following the submission of the request to the Panel.

E        Interprétation

R63    Une partie peut demander au TAS l'interprétation d'une sentence rendue dans une procédure d'arbitrage ordinaire ou dans une procédure arbitrale d'appel lorsque le dispositif de cette sentence est peu clair, incomplet, équivoque ou que ses éléments sont contradictoires entre eux ou avec les motifs ou qu'il contient des erreurs de rédaction ou de calcul.

Lorsque le TAS est saisi d'une demande d'interprétation, le Président de la Chambre concernée examine s'il y a lieu à interprétation. Dans l'affirmative, il transmet la demande à la Formation ayant rendu la sentence pour interprétation. Les arbitres de la Formation empêchés sont remplacés conformément à l'article R36. La Formation statue sur la demande dans le mois suivant la transmission du dossier.

| F | Costs of the Proceedings | | E | Frais de la procédure |

---

**R64**      Ordinary Arbitration

**R64.1**    Upon filing of the request, the claimant shall pay a minimum fee of Swiss francs 500.—, without which the CAS shall not proceed. The CAS shall in any event keep this fee. The Panel shall take it into account when assessing the final amount of the fees.

---

**R64.2**    Upon formation of the Panel, the Court Office shall fix, subject to later changes, the amount and the method of payment of the advance of costs. The filing of a counterclaim or a new claim shall result in the determination of separate advances.

To determine the amount of the advance, the Court Office shall fix an estimate of the costs of arbitration, which shall be borne by the parties in accordance with Article R64.4. The advance shall be paid in equal shares by the claimant and the respondent. If a party fails to pay its share, the other may substitute for it; in the absence of substitution, the claim to which the unpaid share relates shall be deemed withdrawn.

---

**R64.3**    Each party shall advance the cost of its own witnesses, experts and interpreters.

If the Panel appoints an expert, retains an interpreter or orders the examination of a witness, it shall issue directions with respect to an advance of costs, if appropriate.

---

**R64**      Procédure d'arbitrage ordinaire

**R64.1**    Lors du dépôt de la requête, le demandeur verse un émolument minimum de FS. 500.—, faute de quoi le TAS ne procède pas. Cet émolument reste acquis au TAS. La Formation en tient compte dans le décompte final des frais.

---

**R64.2**    Lors de la constitution de la Formation, le Greffe fixe, sous réserve de modifications ultérieures, le montant et les modalités de paiement de la provision de frais. L'introduction de demandes reconventionnelles ou nouvelles entraîne la fixation de provisions distinctes.

Pour fixer le montant de la provision, le Greffe estime les frais d'arbitrage qui seront supportés par les parties conformément à l'article R64.4. La provision est versée à parts égales par la partie demanderesse et la partie défenderesse. Si une partie ne verse pas sa part, l'autre peut le faire à sa place ; à défaut, la demande à laquelle la part non versée est afférente est réputée retirée.

---

**R64.3**    Chaque partie avance les frais de ses propres témoins, experts ou interprètes.

Si la Formation commet un expert ou un interprète ou ordonne l'audition d'un témoin, elle règle le cas échéant les modalités d'une provision.

| R64.4 | At the end of the proceedings, the Court Office shall determine the final amount of the cost of arbitration, which shall include the fee of the CAS, the costs and fees of the arbitrators computed in accordance with the CAS fee scale, the contribution towards the costs and expenses of the CAS, and the costs of witnesses, experts and interpreters. |
|---|---|

| R64.5 | The foregoing costs shall be stated in the arbitral award, which shall also determine which party shall bear such costs or in which portion the parties shall share them. As a general rule, the award shall grant the prevailing party a contribution towards its legal fees and other expenses incurred in connection with the proceedings and, in particular, the costs of witnesses and interpreters. When granting such contribution, the Panel shall take into account the outcome of the proceedings, as well as the conduct and the financial resources of the parties. |
|---|---|

| R65 | **Appeals Arbitration** |
|---|---|

| R65.1 | Subject to Articles R65.2 and R65.4, the proceedings shall be free. |
|---|---|
| | The fees and costs of the arbitrators, calculated in accordance with the CAS fee scale, together with the costs of the CAS are borne by the CAS. |

| R64.4 | A la fin de la procédure, le Greffe arrête le montant définitif des frais de l'arbitrage qui comprennent l'émolument du TAS, les frais et honoraires des arbitres calculés selon le barème du TAS, une participation aux frais ou débours du TAS et les frais de témoins, experts et interprètes. |
|---|---|

| R64.5 | Les frais ainsi arrêtés figurent dans la sentence arbitrale, qui détermine également quelle partie les supporte ou dans quelle proportion les parties en partagent la charge. La sentence condamne en principe la partie qui succombe à une contribution aux frais d'avocat de l'autre partie, ainsi qu'aux frais encourus par cette dernière pour les besoins de la procédure, notamment les frais de témoins et d'interprète. Lors de la condamnation aux frais d'arbitrage et d'avocat, la Formation tient compte du résultat de la procédure, ainsi que du comportement et des ressources des parties. |
|---|---|

| R65 | **Procédure arbitrale d'appel** |
|---|---|

| R65.1 | Sous réserve des articles R65.2 et R65.4, la procédure est gratuite. |
|---|---|
| | Les frais et honoraires des arbitres, calculés selon le barème du TAS, ainsi que les frais du TAS sont à la charge du TAS. |

| | |
|---|---|
| R65.2 | Upon submission of the statement of appeal, the appellant shall pay a minimum fee of Swiss francs 500.— without which the CAS shall not proceed and the appeal shall be deemed withdrawn. The CAS shall in any event keep this fee. |
| R65.3 | The costs of the parties, witnesses, experts and interpreters shall be advanced by the parties. In the award, the Panel shall decide which party shall bear them or in what proportion the parties shall share them, taking into account the outcome of the proceedings, as well as the conduct and financial resources of the parties. |
| R65.4 | If all circumstances so warrant, the President of the Appeals Arbitration Division may decide to apply Articles R64.4 and R64.5 to an appeals arbitration. |
| R66 | **Consultation Proceedings** |
| | The Court Office shall determine, after consultation with the person requesting the opinion, to what extent and upon what terms such person shall contribute towards the costs of the consultation procedure. |

| | |
|---|---|
| R65.2 | Lors du dépôt de la déclaration d'appel, l'appelant verse un émolument minimum de FS. 500.—, faute de quoi le TAS ne procède pas et l'appel est réputé retiré. Cet émolument reste acquis au TAS. |
| R65.3 | Les frais des parties, témoins, experts et interprètes sont avancés par les parties. La Formation en attribue la charge dans la sentence en tenant compte du résultat de la procédure, du comportement et des ressources financières des parties. |
| R65.4 | Si l'ensemble des circonstances le justifie, le Président de la Chambre arbitrale d'appel peut appliquer les articles R64.4 et R64.5 à une procédure arbitrale d'appel. |
| R66 | **Procédure consultative** |
| | Le Greffe détermine, après consultation avec le demandeur d'avis, dans quelle mesure et selon quelles modalités celui-ci contribue aux frais de la procédure consultative. |

G  Miscellaneous Provisions

R67   The arbitration agreements entered into prior to November 22, 1994 shall be deemed to refer to the present Rules, unless both parties request the application of the Rules in force prior to November 22, 1994.

R68   The French text and the English text are authentic. In the event of any discrepancy, the French text shall prevail.

R69   The Procedural Rules may be amended by the decision of the Council, in conformity with Article S8.

G  Dispositions diverses

R67   Les conventions d'arbitrage conclues avant le 22 novembre 1994 sont réputées renvoyer au présent règlement, sauf si les deux parties demandent l'application du règlement en vigueur avant le 22 novembre 1994.

R68   Le texte français et le texte anglais font foi. En cas de divergence, le texte français prévaut.

R69   Le présent Règlement de procédure peut être modifié par décision du CIAS, conformément à l'article S8.

# Contents

**Statutes of the Bodies Working for the Settlement of Sports-related Disputes**

| | | |
|---|---|---|
| A | Joint Dispositions | 2 |
| B | The International Council of Arbitration for Sport (ICAS) | 4 |
| C | The Court of Arbitration for Sport (CAS) | 14 |
| D | Miscellaneous Provisions | 24 |

**Procedural Rules**

| | | |
|---|---|---|
| A | General Provisions | 28 |
| B | Special Provisions Applicable to the Ordinary Arbitration Proceedings | 40 |
| C | Special Provisions Applicable to the Appeal Arbitration Proceedings | 60 |
| D | Special Provisions Applicable to the Consultation Proceedings | 72 |
| E | Interpretation | 74 |
| F | Costs of the Proceedings | 76 |
| G | Miscellaneous Provisions | 82 |

# Table des matières

**Statuts des organes concourant au règlement des litiges en matière de sport**

| | | |
|---|---|---|
| A | Dispositions communes | 3 |
| B | Le Conseil International de l'Arbitrage en matière de Sport (CIAS) | 5 |
| C | Le Tribunal Arbitral du Sport (TAS) | 15 |
| D | Dispositions diverses | 25 |

**Règlement de procédure**

| | | |
|---|---|---|
| A | Dispositions générales | 29 |
| B | Dispositions particulières à la procédure d'arbitrage ordinaire | 41 |
| C | Dispositions particulières à la procédure arbitrale d'appel | 61 |
| D | Dispositions particulières à la procédure consultative | 73 |
| E | Interprétation | 75 |
| F | Frais de la procédure | 77 |
| G | Dispositions diverses | 83 |